IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL HOLT

    Plaintiff,

vs.                                         Civil Action No.:   05-1745

AMERICAN CITY DINER, INC.
d/b/a AMERICAN CITY DINER

    Defendant
_____/

**PARTIES' JOINT RULE 16.3(d) REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rules 16.3(d) and 26.2, the parties hereby submit this report which outlines their Rule 26(f) discovery plan, provides a succinct statement of the parties' agreement as to the fourteen (14) matters set forth in Local Rule 16.3(c), and attaches a proposed Scheduling Order and Statement of the Facts of the Case and the Statutory Basis for all Causes of Action and Defenses.

    **1.**     **Dispositive Motions**

There are no dispositive motions pending at this time.

    **2.**     **Joinder of Other Parties/Amendment of the Pleadings/Narrowing of Issues**

The parties believe that joinder of other parties is not particularly likely and that joinder of such parties should be governed by the Federal Rules of Civil Procedure or agreement by the parties, to be negotiated subject to the Court's approval when and if the need for joinder becomes apparent.

The parties agree that they should be able to amend their pleadings once as a matter of right by March 3, 2006. Thereafter, the parties believe that further amendments of pleadings should be as permitted by Fed. R. Civ. P. 15 or as agreed by the parties, subject to the Court's approval.

The parties believe they will be able to agree to narrow the factual and legal issues involved.

### 3. Assignment to a Magistrate Judge

The Plaintiff does not request that the case be assigned to a Magistrate Judge.

### 4. Whether There is a Realistic Possibility of Settlement

The parties believe there is a realistic possibility of settlement, but have yet to begin to explore that possibility.

### 5. Whether the Case Could Benefit From ADR

The parties believe this case could benefit from ADR.

### 6. Dispositive Motions

The parties agree that Defendant may file a dispositive motion by July 15, 2006. Plaintiff will have until August 1, 2006 to respond and Defendant may file a reply by August 15, 2006.

### 7. Rule 26(a)(1) Initial Disclosures

The parties believe that it is appropriate to dispense with the initial disclosures required by Rule 26(a)(1).

### 8. Discovery Matters

#### A. Commencement of Discovery

The parties agree to commence discovery in accordance with the schedule to be set by this court.

### B. Extent of Discovery

Plaintiff believes the following subjects, among others, are appropriate for discovery:

- An inspection of the Defendant's property for purposes of identifying barriers to access that exist in the public areas of the restaurant in violation of Title III of the ADA.
- The Defendant's financial records (profit/loss statements, etc.)
- The nature and extent of any renovations to the Defendant's property since 1992, including architectural plans, permits and any other documents related to renovations
- Whether there are now, or in the future, any plans for renovations at the restaurant at issue in this case.
- The date of construction of the restaurant.
- The number of accessible seating positions provided at the restaurant.
- Any other pertinent information relative to the case.

Plaintiff does not believe that the following subjects are appropriate for discovery:

- The number of other claims and/or lawsuits the Plaintiff has brought and against whom, for similar relief.
- The amount of attorney's fees that have been recovered in furtherance of such claims/lawsuits. Though not appropriate for discovery, the Plaintiff has received no financial remuneration for bringing any claim and/or lawsuit under Title III of the ADA.

Defendant believes that the following subjects, among others, may be appropriate for discovery.

- How many claims and/or lawsuits the Plaintiff has brought, and against whom, for similar relief
- The nature and extent of the disability claimed by the Plaintiff
- The amount of financial remuneration the Plaintiff has received from any claims and/or lawsuits, including the amount of attorney's fees that have been recovered in furtherance of such claims/lawsuits
- The number of times the Plaintiff has physically been on the premises of the Defendant's restaurant and what portions of the restaurant he was on and when such visits occurred.

- Any other information relevant to determining the facts of this complaint and the credibility of the Plaintiff

The Defendant does not believe that the following subjects are appropriate for discovery:

- The Defendant's financial records, profit/loss statements, etc.
- Whether or not there are any plans for renovation at the restaurant.

### C.     How Long Discovery Should Take

The parties believe discovery can be completed within 180 days, or by August 15, 2006, whichever is later, with additional time as may be ordered by the Court.

### D.     Limits on Discovery

The parties do not currently see the need for any limits on discovery other than what is contained in the Federal Rules of Civil Procedure and the Rules of this Court.

### E.     Protective Order

The Plaintiff believes that a protective order may be necessary and will attempt to agree to the form of a suitable proposed protective order to present to the Court in advance of the exchange of any documents.

The Defendant does not believe that a protective order is necessary in advance of the exchange of any documents.

### F.     Dates for Completion of Discovery

The parties believe that discovery will be completed by August 15, 2006.

### 9.     Experts

(a)     Plaintiff will designate his experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by May 15, 2006;

(b) Defendant will designate its experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by June 15, 2006;

(c) Plaintiff will identify rebuttal experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by July 1, 2006;

(d) The parties will make their experts available for deposition at reasonable times and places following designation of their experts.

10. **Class Certification**

This is not a case involving class certification.

11. **Bifurcation of Discovery and Trial**

The parties do not currently envision bifurcation of trial but reserve their rights on the subject.

12. **Pretrial Conference**

The parties agree that the final pretrial conference, if any, should be held within 30 days after rulings on dispositive motions.

13. **Trial**

The parties do not believe the Court need set a firm trial date but should rather, at this time, provide only that trial, if any, will be set at the final pretrial conference from 30 to 60 days after that conference.

14. **Other Matters**

[Reserved].

The parties' Proposed Scheduling Order and Statement of Facts of the Case and the Statutory Basis for all Causes of Action and Defenses are attached.

Dated: February 10, 2006          Respectfully submitted:


        /s/
Joel R. Zuckerman, Esq.
Schwartz Zweben & Associates, LLP
D.C. Bar No. 480152
Joel R. Zuckerman, Esq.
51 Monroe St., Suite 812.
Rockville, Maryland 20850
(301)294-6868--- Voice
(301)294-6480--- Fax
Attorney for Plaintiff


        /s/
Jay S. Weiss, Esq.
D.C. Bar No.: 29652
1828 L Street, NW, Suite 902
Washington, D.C. 20036
(202)872-1545