UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL HOLT

    Plaintiff,

vs.                                            CASE NO.: 05-CV-01745

AMERICAN CITY DINER, INC.
d/b/a AMERICAN CITY DINER

    Defendant.
_____/

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S ANSWERS TO INITIAL INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION

COMES NOW, Plaintiff, Russell Holt ("Plaintiff"), by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 26.2(a), hereby files his Motion to Compel Answers to Plaintiff's First Set of Interrogatories and First Request for Production, and hereby moves this Honorable Court to enter an Order to compel Defendant's responses, and as grounds therefore states:

    1.    This is an action by the Plaintiff against the Defendant for discrimination under Title III of the Americans with Disabilities Act ("ADA") due to barriers to access present at the Defendant's place of public accommodation, the restaurant known as the American City Diner.

    2.    Defendant is the proper Defendant in this case with respect to the Premises as the owner. The subject Premises, as a restaurant, is a place of public accommodation as defined by the ADA. It includes parking, entrances, seating, paths of travel, toilet rooms and other public accommodations and services covered by the ADA.

    3.    Plaintiff propounded his First Set of Interrogatories and Request for

1

Production of Documents on March 24, 2006.

4. Defendant provided responses to Plaintiff's First Set of Interrogatories and Request for production of Documents on May 2, 2006, many of which were deficient therefore necessitating the instant motion.

5. Prior to filing this Motion, the undersigned firm sent written correspondence to defense counsel regarding the issues contained herein in an attempt to amicably resolve these issues. (A true and correct copy of the letter is attached hereto as Plaintiff's Exhibit "A".) Plaintiff's counsel further discussed these issues with defense counsel on the telephone. Counsel for the Defendant refused to supplement its answers and, as such, Plaintiff files this Motion.

6. Specifically, Defendant provided deficient answers to interrogatories 10-13 and 15-16 as follows:

**Interrogatory question and response**:

a. **INTERROGATORY NO. 10:** Please specifically identify all previous plans, construction on, planned remodeling of and/or alterations to the real properties and the building(s) thereon which are the subject of this action since January 1, 1992, including, but not limited to, identifying the work done and commencement and completion dates.

**ANSWER:** Defendant objects to this Interrogatory to the extent that it is unduly burdensome and to the extent that such requests attempts to place any burden upon this Defendant beyond the requirements set forth in the Federal Rules of Civil Procedure. As an additional objection to said Interrogatory, the Defendant objects on the grounds that said Interrogatory calls for the production or reference to documents protected by the doctrine of attorney-client privilege or attorney work product. Finally, the Defendant objects to said Interrogatory to the extent that it seeks discovery of matters that are not reasonably calculated to lead to discovery of admissible evidence.

**REASON WHY DEFENDANT SHOULD BE COMPELLED TO ANSWER:**
Preliminarily, it is not even remotely burdensome for the Defendant to advise the Plaintiff as to all construction, remodeling or alterations to the property since the enactment of the ADA. To the contrary, it is quite easy for the Defendant to do so

whereas without the Defendant providing such information, it would be almost impossible for the Plaintiff to review 14 years of public records in order to obtain this information, if it even still exists.

Any construction or alterations on the property after January 1, 1992 are in fact relevant to this case. All areas that are modified after that date need to be fully compliant with the ADA. In addition, under the ADA if alterations are conducted at a property, up to 20% of the money spent must be spent towards increasing the accessibility of the property. As such, knowing what work has been completed at the property since 1992 is critical in determining which standard to apply to the property and whether barrier removal is subject to the readily achievable standard or was required to have been modified in compliance with the ADA. See 28 C.F.R. §36.402 and 28 C.F.R. §36.403 which states in part:

**Sec.36.402 Alterations.**

(a) General. (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

**Sec.36.403 Alterations: Path of travel.**

(a) General. An alteration that affects or could affect the usability of or access to an area of a facility that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area and the restrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, unless the cost and scope of such alterations is disproportionate to the cost of the overall alteration…

(f) Disproportionality. (1) Alterations made to provide an accessible path of travel to the altered area will be deemed disproportionate to the overall alteration when the cost exceeds 20% of the cost of the alteration to the primary function area.

28 C.F.R. 36.402 and 28 C.F.R. 36.403 (some subsections excluded)

This information is not privileged and is not attorney work product as it is merely asking what modifications were done to the property since January 1, 1992. This information is not only relevant, but necessary for Plaintiff to be able to ascertain the standard used in evaluating the extent necessary for Defendant to fully comply with the Americans with Disabilities Act. Regardless of whether new construction or modifications were performed on the property since the enactment of the ADA, the Defendant is deficient in their obligations under the law, however, this information is necessary for Plaintiff to be able to meet its burden in

3

proving which standard to apply to each area of the Defendant's premises that are not accessible due to barriers to access that exist.

b. **INTERROGATORY NO. 11:** Regarding all work identified in response to Interrogatory Number 10, identify all contractors and subcontractors who performed or are to perform each job identified, or, if a contractor or subcontractor was not or will not be used, identify each worker who performed or will perform such jobs.

**ANSWER:** See answer to question 10 above. In further response, there have been no *"contractors and subcontractors who performed or are to perform each job identified…"*.

**REASON WHY DEFENDANT SHOULD BE COMPELLED TO ANSWER:**
Again, it is not even remotely burdensome for the Defendant to advise the Plaintiff as to who performed all construction, remodeling or alterations to the property since the enactment of the ADA.

In addition to, and in accordance with, the reasons set forth above for question 10, this information will provide the Plaintiff with the names of witnesses who can testify to the scope of work that was done or is planned to be done. The Defendant's affirmative statement that no contractors or subcontractors performed any jobs indicates that other individuals performed work at the property but were not contractors or subcontractors. The interrogatory specifically asks for the names of such individuals if this is the case as they are necessary and relevant witnesses. Such information is relevant and necessary for the same reasons set forth in 10 above.

c. **INTERROGATORY NO. 12:** Regarding all work identified in the response to Interrogatory Number 10, identify the architects or engineers who performed or who will perform service, whether used or not, for each job identified, including, without limitation, identifying the firm/company, address, telephone number and contact person and identify the amount expended or to be expended on each project.

**ANSWER:** See answer to question 10 above.

**REASON WHY DEFENDANT SHOULD BE COMPELLED TO ANSWER:**
In addition to the reasons set forth in numbers 10 and 11 above, the amount expended or to be expended is also relevant under 28 C.F.R. 36.403 since the Defendant has an obligation to set aside additional money over and above the amount spent on alterations to make other areas of their place of public accommodation more accessible. This question is directly relevant to this issue and it is necessary for Defendant to completely answer this question.

4

d. **INTERROGATORY NO. 13:** Identify each and every building permit applied for and/or obtained from January 1, 1992, regarding the property which is the subject of this action, including, without limitation, the date each permit was applied for and/or obtained, the identity of each person who applied for each permit identified, and the work performed or to be performed in accordance with each permit identified.

**ANSWER:** See answer to question 10 above with particular reference to said request being unduly burdensome.

**REASON WHY DEFENDANT SHOULD BE COMPELLED TO ANSWER:**
See numbers 10-12 above. It is hardly burdensome for the Defendant to advise the Plaintiff as to the building permits pulled in connection with all construction, remodeling or alterations to the property since the enactment of the ADA The building permits are relevant to show any alterations or modifications done to the property since January 1, 1992.

By the Defendant's statement that it is unduly burdensome, it can be inferred that there may be a significant amount of building permits applied for by the Defendant for this facility. This would be extremely relevant to the case and any burden on the Defendant would surely be outweighed by the value of this evidence to the Plaintiff for use in the trial of this case. The Defendant merely says it is unduly burdensome, without any more information. This objection is insufficient and the Defendant must be compelled to fully respond to this question.

e. **INTERROGATORY NO. 15:** Specifically identify Defendant, American City Diner and/or and predecessor(s) in interests in revenue derived from each of the subject property for each year from January 1, 1990 to date.

*ANSWER*: This question does not make any since (sic) and Defendant is unable to respond to it. By way of further answer, presuming that the Plaintiff is seeking information on the extent of revenue derived from the property from January 1, 1990 to date, Defendant would further object on the ground set forth in answer to question 10 above and for the further reason that such a request is irrelevant an immaterial to the issues in this litigation.

**REASON WHY DEFENDANT SHOULD BE COMPELLED TO ANSWER:**
To the extent that the Defendant is reiterating its objection that to provide such information is unduly burdensome, the Defendant simply needs to provide its tax returns to document such revenues. In the alternative, it may execute a form issued by the IRS allowing the government to provide copies to the Plaintiff.

With respect to the merits of the request, in a building built prior to the effective date of the ADA, the Defendant is required to remove architectural barriers in existing facilities where such removal is readily achievable, i.e., easily

accomplishable and able to be carried out without much difficulty or expense. 28 C.F.R. 36.304.

Readily achievable means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable factors to be considered include --
(1) The nature and cost of the action needed under this part;
(2) **The overall financial resources of the site or sites involved in the action**; the number of persons employed at the site; **the effect on expenses and resources**; legitimate safety requirements that are necessary for safe operation, including crime prevention measures; or the impact otherwise of the action upon the operation of the site;
(3) The geographic separateness, and the administrative or fiscal relationship of the site or sites in question to any parent corporation or entity;
(4) **If applicable, the overall financial resources of any parent corporation or entity**; the overall size of the parent corporation or entity with respect to the number of its employees; the number, type, and location of its facilities; and
(5) If applicable, the type of operation or operations of any parent corporation or entity, including the composition, structure, and functions of the workforce of the parent corporation or entity. 28 C.F.R. 36.104. (Emphasis added)

The revenue and expenses of a place of public accommodation is extremely relevant as well as necessary for the Plaintiff to be able to properly prosecute his claim. It is the Plaintiff's burden to prove that any modification demanded of an existing facility to make that facility comply with the ADA is in fact "readily achievable." Without this information, the Defendant can claim that it is not readily achievable to modify the property and the Plaintiff will have nothing to contradict such a claim. The question is clearly worded and the information sought is relevant and necessary to Plaintiff's claim.

f.   **INTERROGATORY NO. 16:**   Specifically identify all expenses incurred and paid by the Defendant, American City Diner and/or any predecessor(s) in interest, regarding the subject property for each year from January 1, 1990 to date.

**ANSWER:**   Defendant objects to this question on the ground that it is unduly burdensome and for other reasons expressed in answer to question 10 above. Additionally, Defendant has no obligation to *"identify all expenses incurred and paid by the Defendant… regarding the subject property for each   year       from January 1, 1990 to date"* because the question does not make any sense since it could very well involve expenses incurred by the business for the purchase of inventory, payroll, payment to vendors, taxes, etc. none of which are relevant or material to the litigation before this Court.

**REASON WHY DEFENDANT SHOULD BE COMPELLED TO ANSWER:**
See number 15 above.  The expenses incurred offset against the revenues requested in Interrogatory number 15 are relevant.  The Defendant improperly

6

conjectures that the Plaintiff will inaccurately account for these expenses, however, as stated above, it is the Plaintiff's burden to show that modifications are readily achievable. If Plaintiff inaccurately accounts for these expenses, the Defendant surely has the ability to cross examine and impeach the witness testifying to this issue.

7. Defendant provided deficient answers to production of document request 10-11 as follows:

**Production of Document Request and Response**

a. **PRODUCTION NO. 10:** Any and all documents which reflect the Defendant's and/or its predecessor(s) in interest' gross revenue derived from the subject real property for each year from January 1, 1990 to date including without limitation, tax returns (including all exhibits, schedules and attachments), income statements, and applications and/or information provided to lenders and/or partners.

   **REPLY:** Defendant objects to this request on the grounds that it is unduly burdensome and to the extent that it attempts to place any burden upon this Defendant beyond the requirements set forth in the Federal Rules of Civil Procedure for discovery purposes. Defendant further objects on the ground that it cause for the production of documents protected by the doctrine of attorney-client privilege or attorney work product. Defendant further objects to the extent that this request seeks discovery of matters that are not reasonably calculated to lead to the discovery of admissible evidence.

   **REASON WHY DEFENDANT SHOULD BE COMPELLED TO ANSWER:** For the same reasons discussed under the interrogatory section numbers 15 and 16, this information is necessary and relevant to the Plaintiff's claim. As it relates to the Defendant's objection that production would be unduly burdensome, the Defendant simply needs to provide its tax returns to document such revenues. In the alternative, it may execute a form issued by the IRS allowing the government to provide copies to the Plaintiff. This is not information protected by the attorney-client privilege as this is financial information kept in the ordinary course of business, including but not limited to, financial statements and tax returns which are clearly not protected by the attorney-client privilege and is certainly not work product in this case.

b. **PRODUCTION NO. 11:** Any and all documents which reflect and/or relate to expenses incurred and/or relate to expenses incurred and/or paid by or on behalf of Defendant and/or its predecessor(s) in interest regarding the subject property for each year from January 1, 1990 to date.

   **REPLY:** No such document exists.

7

**REASON WHY DEFENDANT SHOULD BE COMPELLED TO ANSWER:**
See number 10 above. These documents certainly exist as they are required for the payment of Defendant's taxes every year. The Defendant files a tax return each year which contains such information. The Defendant's response is disingenuous and evasive and the Defendant should be compelled to provide all responsive documents

WHEREFORE, the Plaintiff, RUSSELL HOLT, respectfully requests that this Court compel the Defendant, AMERICAN CITY DINER, to answer Plaintiff's First Set of Interrogatories and First Request for Production fully and completely. Finally, Plaintiff requests that the Court require the Defendant to pay Plaintiff's reasonable attorney's fees and expenses incurred in the drafting of this motion pursuant to Fed. R. Civ. P. 37 (a)(4)(A) or any other relief as it deems necessary, just and proper.

Dated this 3rd day of August, 2006

Respectfully submitted,

By: /s/ Gene Zweben
Gene R. Zweben, Esq.
Schwartz Zweben & Slingbaum, LLP
205 SW Winnachee Drive
Stuart, Florida 34994
Telephone:    772-223-5454
Fax:                772-463-0778
Email:             gzweben@szalaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of August, 2006, a true and correct copy of the foregoing was served by first class mail to counsel for the Defendant: Jay S. Weiss, Esq., 1828 L Street, NW, Suite 902, Washington, D.C. 20036

By: /s/ Gene Zweben