# SCHWARTZ ZWEBEN

DEDICATED TO DEFENDING THE RIGHTS OF INDIVIDUALS WITH DISABILITIES

Alabama • Florida • Maryland • Pennsylvania • Tennessee • Virginia • Washington, D.C.

Writer's Direct Email: gzweben@szalaw.com

Via Fax and US Mail: 202-296-0568
July 3, 2006

Jay S. Weiss, Esq.
1828 L Street NW
Suite 902
Washington, DC 20036

RE: Holt v. American City Diner

Dear Jay:

I am writing this letter to follow up with regard to the proposed settlement agreement that was sent to you back on April 5, 2006. Please advise as to the status of your clients review of the proposed agreement.

In addition, I have reviewed your client's responses to the discovery previously sent to you. It appears that several of your client's responses are deficient.

Interrogatories 10-13:
These questions deal with any modifications or construction on the property from January 1, 1992 to present. You object to these questions on various grounds, none of which are appropriate. As I am sure you are aware, any construction or alterations on the property after January 1, 1992 are in fact relevant to this case. All areas that are modified after that date need to be fully compliant with the ADA plus additional money needs to be used to modify other areas of the property at issue. This information is not privileged and is not attorney work product as it is merely asking what modifications were done to the property since January 1, 1992.

Interrogatories 15-16 and Request to Produce 10-11:
As you are aware, 42 USC 12182 defines discrimination as the failure to remove architectural barriers to access when such removal is readily achievable. One of the factors in determining what is readily achievable, as it is defined in 42 USC 12181(9), is the financial resources of the subject facility.

As the ADA was enacted in 1990, the Plaintiff's burden of proving their claim of discrimination will require proof that it was readily achievable to remove the barriers to access which remain since the enactment of the ADA. As such, the information is clearly relevant and reasonably calculated to lead to the discovery of admissible evidence.

Schwartz Zweben & Slingbaum LLP
205 Southwest Winnachee Drive, Stuart, Florida 34994 | Phone 772.223.5454 | Toll Free 866.232.5207 | Fax 772.463.0778 | E-mail mail@adalawyers.com

As to all matters contained herein, please provide me your response by the close of business on Friday, July 7, 2006 that you intend to supplement these responses in a timely fashion. Failing an appropriate response, we will have no choice but to file a Motion to Compel.

In the meantime, as you are aware, we have a mediation set in this case for Friday, July 14, 2006. It will be in all parties' best interest to try and resolve this case prior to me having to travel to DC to attend this mediation. If we can't resolve this case prior to Wednesday, July 12, 2006, Plaintiff's fees and costs, which we are seeking to recover from your client, will substantially increase. I am willing to discuss the settlement proposal with you at your convenience prior to then and work with you in good faith to resolve this case. I look forward to hearing from you.

Sincerely,

Gene R. Zweben, Esq.

GRZshh