IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL HOLT

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　Civil Action No.:　05-1745

AMERICAN CITY DINER, INC.
d/b/a AMERICAN CITY DINER

    Defendant
_____/

## PLAINTIFF'S RULE 16.3(d) REPORT

COMES NOW, Plaintiff, RUSSELL HOLT, by and through the undersigned counsel, and Pursuant to Fed. R. Civ. P. 26(f) and Local Rules 16.3(d) and 26.2, and hereby submits this unilateral report which outlines his proposed Rule 26(f) discovery plan and provides a succinct statement of the status of the parties' agreement as to the fourteen (14) matters set forth in Local Rule 16.3(c).  The undersigned previously submitted his proposed joint Rule 16.3(d) to defense counsel, and at the time of the filing of this pleading has received no written response to same.  Plaintiff's counsel has spoken to Defense counsel several times after providing the proposed joint Rule 16.3(d) report to Defense counsel, who indicated that he would respond, however, has not done so.  As such, and in an effort to comply with local rules, Plaintiff submits this unilateral report.

    **1.**　　**Dispositive Motions**

The plaintiff proposes that any dispositive motions shall be filed by October 25, 2006. Motions in opposition thereto shall be filed no later then November 10, 2006, motions in reply to be filed by November 17, 2006.

### 2. Joinder of Other Parties/Amendment of the Pleadings/Narrowing of Issues

Plaintiff does not anticipate that there will be joinder of other parties into this cause of action.

The factual and legal issues involved have been narrowly framed.

### 3. Assignment to a Magistrate Judge

The parties were referred to Magistrate Judge Alan Kay, and mediation took place on July 14, 2006 at 10:00 a.m. The parties were unable to resolve and settle this matter.

### 4. Whether There is a Realistic Possibility of Settlement

The plaintiff believes there is no realistic possibility of settlement given the Defendant's position at mediation and subsequent conversations with Defense counsel.

### 5. Whether the Case Could Benefit From ADR

The plaintiff believes this case would not benefit from ADR.

### 6. Summary Judgment/Motion to Dismiss/Cross-Motions

The plaintiff proposes that motions for summary judgment shall be filed by October 25, 2006. Motions in opposition thereto shall be filed no later then November 10, 2006, motions in reply to be filed by November 17, 2006.

### 7. Rule 26(a)(1) Initial Disclosures

The parties have satisfied the initial disclosures required by Rule 26(a)(1).

### 8. Discovery Matters

#### A. Commencement of Discovery

The parties have commenced with discovery.

### B.    Extent of Discovery

Discovery was requested to the extent herein stated:

- An inspection of the Defendant's property for purposes of identifying barriers to access that exist in the public areas of the restaurant in violation of Title III of the ADA.
- Interrogatories and Request to Produce were propounded by each party.

Plaintiff filed on or about August 1, 2006, a Motion to Compel Answers to Interrogatories which was granted on August 30, 2006. In addition, pursuant to the Order on the Motion to Compel, Plaintiff will be filing a Motion for Attorney Fees by September 15, 2005.

### C.    How Long Discovery Should Take

The parties completed Discovery on August 15, 2006 pursuant to Scheduling Order.

### D.    Limits on Discovery

Discovery was not limited to an extent beyond the meanings contemplated in the Federal Rules of Civil Procedure and the Rules of this Court.

### E.    Protective Order

The plaintiff believes a protective order is not necessary.

### 9.    Experts

(a)    Plaintiffs have designated their expert and made the required Fed. R. Civ. P. 26(a)(2) disclosures by May 15, 2006;

(b)    Defendant was to designate its experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by June 15, 2006, however, has not done so;

(c) Plaintiffs were to identify rebuttal experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by July 1, 2006;

(d) The Plaintiffs have provided defendant with a copy of their expert report.

**10.    Class Certification**

This is not a case involving class certification.

**11.    Bifurcation of Discovery and Trial**

The parties do not currently envision bifurcation of trial but reserve their rights on the subject.

**12.    Pretrial Conference**

The plaintiff believes that the final pretrial conference, should be held within 30 days after rulings on dispositive motions.

**13.    Trial**

The plaintiff requests that the Court set a trial date in this matter.

**14.    Other Matters**

Such other matters that the parties believe may be appropriate for inclusion in an updated scheduling order. None at this time.

Respectfully submitted:

S/Jason e Miles
Jason E. Miles, Esq.
Schwartz Zweben & Associates, LLP
51 Monroe St., Suite 812
Rockville, Maryland 20850
(301)294-6868--- Voice
(301)294-6480--- Fax
Attorney for Plaintiff
jmiles@szalaw.com

**Certificate of Service**

I HEREBY CERTIFY that on Sept. 11, 2006, led the foregoing document with the Clerk of the Court and to the following ECF Registrants: Jay Weiss, Esquire.

      S/Jason e Miles
      Jason E. Miles, Esq.