IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSSELL HOLT | * |
| | * Civil Action No: 05-1745 |
|     Plaintiff, | * |
| | * |
| vs. | * |
| | * |
| AMERICAN CITY DINER, INC. | * |
| d/b/a AMERICAN CITY DINER | * |
| | * |
|     Defendant. | * |

**PARTIES' JOINT RULE 16.3(d) REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rules 16.3(d) and 26.2, the parties hereby submit this report which outlines their Rule 26(f) discovery plan and provides a succinct statement of the parties' agreement as to the fourteen (14) matters set forth in Local Rule 16.3(c).

1. **Dispositive Motions**

The Defendant expects that one dispositive motion will be filed, Plaintiff answering thereto, under the assertion that this is a vexatious suit instituted maliciously and without good cause citing *Molski*.

The parties agree that Defendant may file a dispositive motion by October 25, 2006. Plaintiff will have until November 10, 2006, to respond and Defendant may file a reply no later than November 17, 2006.

2. **Joinder of Other Parties/Amendment of the Pleadings/Narrowing of Issues**

The parties agree that there will be no joinder of other parties into this cause of action.

The parties believe that the factual and legal issues involved have been narrowly framed.

3. **Assignment to a Magistrate Judge**

The parties were referred to Magistrate Judge Alan Kay, mediation took place on July 14, 2006 at 10:00 a.m. The parties were unable to resolve and settle this matter.

4. **Whether There is a Realistic Possibility of Settlement**

The parties believe there is no realistic possibility of settlement.

5. **Whether the Case Could Benefit From ADR**

The parties believe this case would not benefit from ADR.

6. **Summary Judgment/Motion to Dismiss/Cross-Motions**

The parties agree that Motions for Summary Judgment shall be filed by October 25, 2006. Motions in opposition thereto shall be filed no later then November 10, 2006, and any response to be filed by November 17, 2006.

7. **Rule 26(a)(1) Initial Disclosures**

The parties have satisfied the initial disclosures required by Rule 26(a)(1).

8. **Discovery Matters**

A. **Commencement of Discovery**

The parties have commenced with discovery.

B. **Extent of Discovery**

Discovery was requested to the extent herein stated:

- An inspection of the Defendant's property for purposes of identifying barriers to access that exist in the public areas of the restaurant in violation of Title III of the ADA.
- The Defendant's financial records (profit/loss statements, etc.)
- The nature and extent of any renovations to the Defendant's property since 1992, including architectural plans, permits and any other documents related to renovations
- Whether there are now, or in the future, any plans for renovations at the restaurant.
- The date of construction of the restaurant.
- The number of accessible seating positions provided at the restaurant.
- Any other pertinent information relative to the case.

Plaintiff filed on or about August 1, 2006, a Motion to Compel Answers to Interrogatories which was granted on August 30, 2006 leaving Plaintiff to file a Motion for Attorney Fees due by September 15, 2005.

Defendant propounded Interrogatories to the Plaintiff. Answers have been sent to Defendant's attorney but are incomplete and Plaintiff has agreed to supplement them.

C. **How Long Discovery Should Take**

The parties completed Discovery on August 15, 2006 pursuant to Scheduling Order except as stated in B above.

D. **Limits on Discovery**

The parties agree that discovery was not limited to an extent beyond the meanings contemplated in the Federal Rules of Civil Procedure and the Rules of this Court.

E. **Protective Order**

The parties believe a protective order is not necessary.

9. **Experts**

>(a) Plaintiffs have designated their expert and made the required Fed. R. Civ. P. 26(a)(2) disclosures by May 15, 2006;

>(b) Defendant was to designate its experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by June 15, 2006;

>(c) Plaintiffs were to identify rebuttal experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by July 1, 2006;

>(d) The Plaintiffs have provided defendant with a copy of their expert report.

10. **Class Certification**

This is not a case involving class certification.

11. **Bifurcation of Discovery and Trial**

The parties do not currently envision bifurcation of trial

but reserve their rights on the subject.

    12. **Pretrial Conference**

The parties agree that the final pretrial conference, should be held within 30 days after rulings on dispositive Motions.

    13. **Trial**

The parties believe the Court needs to set a firm trial date.

    14. **Other Matters**

Such other matters that the parties believe may be appropriate for inclusion in an updated scheduling order.

    Respectfully submitted:

Jason E. Miles, Esq.
Schwartz Zweben & Associates, LLP
51 Monroe St., Suite 812
Rockville, Maryland 20850
(301)294-6868--- Voice
(301)294-6480--- Fax
Attorney for Plaintiff
And

_____
Jay S. Weiss, Esq
Law Office Jay S. Weiss, P.C.
1828 L Street, N.W., Suite 902
Washington, D.C. 20036
(202) 872-1545
(202) 296-0568
Attorney for Defendant