UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL HOLT,

    Plaintiff,

vs.                                        CASE NO.: 1:05-cv-01745
                                                Judge Kollar-Kotelly

AMERICAN CITY DINER, INC,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES AND COSTS DUE TO DEFENDANT, AMERICAN CITY DINER, INC.'S FAILURE TO RESPOND TO DISCOVERY AND FAILURE TO COMPLY WITH COURT ORDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW, Plaintiff, RUSSELL HOLT, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 37(d) and the Court's inherent power and move to Compel Defendant's discovery responses and for sanctions including an award of attorneys' fees and costs from Defendant, AMERICAN CITY DINER, INC. ("Defendant") due to Defendant's failure to respond to Plaintiff's discovery requests and failure to comply with Court Order regarding same and states:

1.     The Plaintiff filed this action seeking injunctive relief against the Defendant for violations of the Americans With Disabilities Act (hereinafter the "ADA") at the American City Diner, owned and/or operated by Defendant (hereinafter the "Diner"). Plaintiff alleges that the Diner fails to comply with the ADA and fails to meet minimum federal standards which are designed to ensure that the disabled may gain full, safe and equal access to places of public accommodation.

2.     On March 24, 2006, Plaintiff propounded his First Set of Interrogatories

1

and Request for Production ("discovery") to Defendant's legal counsel. Defendant provided deficient responses to same on May 2, 2006. A breakdown of said deficiencies are further detailed in Plaintiff's Motion To Compel same, See Docket # 13.

3. On August 29, 2006, the Court issued an Order compelling Defendant to provide full and complete answers to Plaintiff's discovery on or before September 19, 2006.

4. As the September 19, 2006 deadline for the Defendant to respond to discovery has passed, the Defendants have again failed to respond to the Plaintiff's discovery requests in violation of this Court's Order.

5. Accordingly, Plaintiff respectfully requests that this Court compel Defendant to respond to Plaintiff's outstanding discovery requests within five (5) days and grant an award of sanctions including an award of attorney fees and costs and any other relief this Court deems just and proper due to Defendant's failure to respond to discovery requests and comply with this Court's Order.

## MEMORANDUM OF LAW

Defendant, AMERICAN CITY DINER, INC. has blatantly ignored the Court's Order compelling them to respond to Plaintiff's discovery requests. As such, sanctions, including but not limited to the striking of Defendant's pleadings and an award of attorney fees and costs should be granted to Plaintiff from Defendant.

Sanctions under Rule 37 (d) are a matter committed to the discretion of the District Court. *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 49 L. Ed. 2d

747, 96 S. Ct. 2778 (1976). In *Hamilton v. Ford Motor Company et al.,* the court stated that subsection (d) of Rule 37 permits the District Court, in lieu of any order, to require the party failing to respond to a discovery request "to pay the reasonable expenses, including attorneys' fees**,** caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Rule 37(d) comes into play when a discovery request has been properly served. 636 F.2d 745, 205 U.S.App.D.C. 37 *(D.C. Cir. 1980).*

The principal purpose of Rule 37(b) is punitive, not compensatory. It "provides generally for **sanctions** against **parties** or persons unjustifiably resisting **discovery**." Advisory Committee Note to 1970 Amendments of the Federal Rules of Civil Procedure, 48 F.R.D. at 538. [FN8] Although Rule 37 (b) is silent as to whom the judge may award attorneys' fees, the judge "may make such orders…as are just." Id.

In this case, Plaintiff served discovery requests on the Defendant on March 24, 2006. Defendant's responses to same, on May 2, 2006, were completely deficient as outlined in Docket #13 (Plaintiff's Motion to Compel). On August 29, 2006, this Court granted the Plaintiff's first Motion to Compel and ordered the Defendant to respond to discovery by September 19, 2006. The Defendant has failed to do so and failed to communicate with the undersigned regarding same. Plaintiff's counsel was required to file the motion to compel and the instant motion to seek responses to its discovery requests. Defendant has violated this Court's Order and shown a blatant disregard for the Federal Rules of Civil Procedure. As such, the Defendant should be sanctioned by having its pleadings stricken and required to pay Plaintiff's attorney's fees and costs incurred in connection with same.

WHEREFORE, the Plaintiff respectfully requests that the Court enter an order entitling him to Sanctions, Attorney's Fees and Costs, as well as an Order requiring the Defendant to again respond to the outstanding discovery, and award Plaintiff any further relief that this Court deems just and proper.


Dated:  September 26, 2006          Respectfully submitted:

                                              By:  ___s/Jason E. Miles_____
                                              Jason E. Miles, Esquire
                                              Maryland Bar No. 26349
                                              Schwartz, Zweben & Slingbaum LLP
                                              51 Monroe Drive, Suite 812
                                              Rockville, MD  20850
                                              Telephone:  (301) 294-6868
                                              Facsimile:   (301) 294-6480
                                                  **jmiles@szalaw.com**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26, 2006, I electronically filed the foregoing document with the Clerk of the Court, to the following ECF Registrant:  Gene R. Zweben, Esquire, and Jay S. Weiss, Esquire.


                                              _____s/Jason E. Miles_____
                                              Jason E. Miles, Esquire