```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLUMBIA
```

**RUSSELL HOLT**                         \*
                                     \* Civil Action No: 05-1745
    **Plaintiff,**   \*
                                     \*
 vs.                                 \*
                                     \*
**AMERICAN CITY DINER, INC.**            \*
**d/b/a AMERICAN CITY DINER**            \*
                                     \*
    **Defendant.**    \*

### DEFENDANT'S REPLY TO PLAINTIFF'S REQUEST FOR ATTORNEYS FEES AND EXPENSES

COMES NOW the Defendant, American City Diner, Inc., by and through Counsel, and in Reply to the Request by Plaintiff for Attorneys Fees and Expenses filed on September 14, 2006, says as follows:

1. Plaintiff contends that he filed a Motion to Compel Discovery on August 15, 2006 apparently due to his dissatisfaction with the detail Answers to Interrogatories and Response to Request for Production sent to him on May 15, 2006 in care of his former attorney, Joel Zuckerman, Esquire.

2. Counsel for Defendant never received either by electronic filing, email, or first-class mail the aforesaid Motion. Additionally, Defendant never received a copy of this Court's Order granting said Motion to Compel Discovery.

3. Plaintiff was formerly represented by Joel Zuckerman, Esquire whose local office was 51 Monroe Street, Suite 812, Rockville, Maryland 20850. It was Mr. Zuckerman who propounded

Interrogatories to the Defendant and with whom the initial pleadings in this case were directed including a set of Interrogatories sent to the Plaintiff by the Defendant on March 21, 2006.

4. Those Interrogatories were to have been answered on or before April 22, 2006. After the due date, counsel for Defendant received a phone call from Gene Zweben, Esquire of the same law firm, located in Stewart, Florida, requesting an extension of time within which to answer the Interrogatories because "*Mr. Zuckerman was no longer with the law firm.*"

5. Counsel for Defendant granted Plaintiff an extension of time to and include June 20, 2006 within which to file Answers to Interrogatories. This was a courtesy extension granted in view of the change of counsel.

6. Counsel for Defendant has, at all times, attempted to accommodate the Plaintiff and his new counsel with respect to matters such as the inspection of the premises and rescheduling of Mediation before Judge Kollar-Kotelly due to a conflict in Plaintiff's counsel schedule.

7. Defendant has provided Plaintiff with all of the discovery material at his disposal and is unable to provide any additional information except that which is contained within his Answers to Interrogatories.

8. However, Plaintiff has failed to respond to Defendant's

Interrogatories seeking Production of Documents pertaining to the 16 lawsuits that Plaintiff has filed or participated in seeking similar relief from various businesses in the Washington Metropolitan Area with the same allegations, **in a boiler plate form of Complaint**, notwithstanding verbal agreements to produce said pleadings.

9. Defendant should not be required to pay attorneys fees for the preparation of a Motion to Compel where a fair and reasonable review of the Court jacket would reflect that each side has attempted to comply, on an informal basis, pursuant to the spirit of the Scheduling Order entered by this Court.

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Request for Attorneys Fees and Expenses be denied.

Respectfully submitted,

LAW OFFICES JAY S. WEISS, P.C.

By: _____
Jay S. Weiss, 29652
1828 L Street, N.W.
Suite 902
Washington, D.C.  20036
(202)872-1545
Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 28, 2006, I electronically filed the foregoing document with the Clerk of the Court, to the following ECF Registrant:

>Jason Miles, Esquire
>**SCHWARTZ, ZWEBEN & SLINGBAUM, LLP**
>51 Monroe Street
>Suite 812
>Rockville, Maryland 20850
>Attorney for Plaintiff

>_____
>Jay S. Weiss
>Attorney for Defendant