**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RUSSELL HOLT,

    Plaintiff,

vs.                                            CASE NO.: 1:05-cv-01745
                                                      Judge Kollar-Kotelly

AMERICAN CITY DINER, INC,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff, RUSSELL HOLT, by and through the undersigned counsel and, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court to enter summary judgment in his favor. There is no genuine issue of material fact and Plaintiff is entitled to judgment as a matter of law. In support of this Motion, Plaintiff states the following:

**I.  Statement of Undisputed Material Facts**

    **A.**    **Plaintiff**

Plaintiff, Russell Holt, is an individual with a qualified disability as that term is defined by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (Holt Exhibit, "A", Para. 2). Mr. Holt claims that the American City Diner, located at 5532 Connecticut Ave., NW, Washington, D.C. and owned and/or operated by American City Diner, Inc., the Defendant, is a place of public accommodation as that term is defined by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (See Affidavit by Russell Holt attached hereto as Exhibit, "A" and incorporated herein, Para. 3). Mr. Holt claims that the Defendant has discriminated against him, and continues to discriminate against him, by denying him full, safe and equal access to the goods, services, facilities, privileges and advantages and/or accommodations provided at the American City Diner, in violation of the Americans

with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Plaintiff has identified specific barriers to access in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq* in his complaint, the presence of which denied him, and continue to deny him, full, safe and equal access to the goods and services offered by the Defendant at the restaurant. (Holt Exhibit, "A", Para. 3). Plaintiff seeks injunctive relief, including an order to alter the property and make the necessary modifications so that the restaurant will be readily accessible to individuals with disabilities. Attorney's fees, costs and litigation expenses, including expert witness fees are also being sought by the Plaintiff. Furthermore, Mr. Holt intends to visit the American City Diner again in the immediate future. (Holt Exhibit, "A", Para. 4).

### B.       Barriers to Access at the American City Diner

Mr. Holt encountered significant barriers to his full, safe and equal access of the American City Diner that is the subject of this action. In particular, the approach to the main entrance of the restaurant adjacent to this diner, has a running slope that exceeds maximum allowable slope percentages, the threshold at the ramp outside the entrance to the American City Diner is too high, there is no level landing provided outside the entry door to the restaurant and there is insufficient clear floor space provided outside the entry door to the restaurant. In addition there are numerous other barriers to access at the restaurant that Mr. Holt was unable to encounter due to these initial barriers to access. (See Plaintiff's Expert, Steve Mason's Report ("Exhibit B[1]") and Affidavit ("Exhibit C") attached hereto.

After the present lawsuit was filed, the Plaintiff retained Mr. Mason of Tcherneshoff Consulting, Inc. to evaluate the American City Diner to identify the barriers to access and

---

[1] This report is based on a second inspection done by Plaintiff's expert on August 22, 2006, since Defendant had informed Plaintiff that some of the work had been completed. The original inspection prior to any work being done was on March 9, 2006. However at this time, there are still numerous barriers to access present on the property as indicated by the report

provide means to remove these barriers to access as well as cost estimates to do so. Tcherneshoff Consulting, Inc., has been providing expert opinions and consultation services in ADA cases since 1997.

Steve Mason (hereinafter sometimes referred to as "Mr. Mason"), inspected the subject American City Diner for ADA compliance and to make recommendations for the removal of barriers to access. After each of Mr. Mason's inspections of the American City Diner, he memorialized his findings in a survey report containing photographs and measurements. In the reports, Mr. Mason referred to relevant portions of Exhibit A to 28 CFR part 36, the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). Mr. Mason's reports contain information regarding 1) the barriers present, 2) the applicable ADAAG standards which demonstrate why the items constitute a barrier, 3) specific recommendations for removal of the barriers, and 4) an estimated budget for the removal of each such barrier. (Mason Affidavit, Ex. "C", Para. 7, 8). Mr. Mason found numerous significant barriers to access for individuals with disabilities at the subject American City Diner, and that the American City Diner did not meet the guidelines provided in the ADA and ADAAG. (See Exhibit B[2]).

Steven Mason, AIA is an employee of Tcherneshoff Consulting, Inc., and is a registered architect in New York, New Hampshire, Vermont, Maine and Michigan with NCARB reciprocity in most jurisdictions. Mr. Mason is a member of the American Institute of Architects and is certified by the National Council of Architectural Registration. He obtained his degree from the Boston Architectural Center School of Architecture in 1995. Mr. Mason specializes in barrier removal under the ADA and has been involved in accessibility studies and consulting

---

based on the most recent inspection.
[2] Plaintiff has attached the most recent expert report rather than the first expert report as those items are the most current existing barriers to access that are present at the property.

since 1993. (Mason CV, Exhibit C).

Mr. Mason was charged with performing the subject site inspection and determining cost estimates for the proposed barrier removal modifications. Mr. Mason evaluated the detailed data and photographs gathered during the inspection of the Defendant's premises and utilized several sources and databases to provide accurate cost estimates for the removal of the barriers to access at the American City Diner. (Mason Affidavit, Ex. "B", Para. 9). The generalized preliminary budget cost estimates which were included are based, in part, upon similar barrier removal projects, information provided by manufacturers and distributors of different products, contractors working in the construction trades and upon data found in the various publications of RS Means/Reed Construction Data, including their "ADA Compliance Pricing Guide 2004" and their "Building Construction Cost Data 64th Annual Edition 2006." (Mason Affidavit, Ex. "B", Para. 3).

## II. Argument of Applicable Law

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P 56(c); *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989). The Court is not to "'weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "A genuine issue for trial exists only when there is sufficient 'evidence on which the jury could reasonably find for the plaintiff.' " *Id*. (quoting *Liberty Lobby*, 477 U.S. at

4

252, 106 S.Ct. 2505).

The moving party bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. at 325, 106 S.Ct. 2548. The burden then shifts to the nonmoving party to produce evidence that would support a finding in its favor. See *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 250-52, 106 S.Ct. 2505, 2511-12, 91 L.Ed.2d 202 (1986). All inferences are drawn in the light most favorable to the nonmoving party. *Spradlin v. Jarvis (In re: Tri-City Turf Club, Inc.)*, 323 F.3d 439, 442 (6th Cir. 2003) (citations omitted). The party opposing a motion for summary judgment, however, " 'may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.' The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts.'" *In re Tri-City Truf Club, Inc.*, 323 F.3d at 442-43 (internal citations and quotations omitted). *See also Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct 2505; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "'If after reviewing the record as a whole a rational fact finder could not find for the nonmoving party, summary judgment is appropriate.'" *Braithwaite v. Timken Co.*, 258 F.3d 488, 493 (6th Cir. 2001).

Plaintiffs brought this action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act (hereinafter referred to as the "ADA"). 42 U.S.C. §12101 et. seq. On July 26, 1990, Congress enacted the ADA. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A). The purpose of Title III is to ensure that "[n]o individual [is] discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates

a place of public accommodation." 42 U.S.C. §12182(a); 28 C.F.R. §36.104. The term "discrimination" is defined in the ADA to prohibit:

> the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered . . . .

42 U.S.C. §12182(b)(2)(A)(i); *Rendon v. Valleycrest Productions, Ltd.*, 294 F. 3d 1279 (11th Cir. 2002). Discrimination also includes the failure to remove "architectural barriers" in existing facilities when the removal of such barriers is "readily achievable." 42 U.S.C. §12182(b)(2)(A)(iv). "[T]he ADA is a remedial statute, which should be broadly construed to effectuate its purpose of eliminating discrimination against the disabled in our society." Id. at *2 (citing *Kinney v. Yerusalim*, 812 F. Supp. 547, 551 (E.D. Pa.), aff'd 9 F. 3d 1067 (3d Cir. 1993), cert. denied 511 U.S. 1033, 128 L. Ed. 2d 196, 114 S. Ct. 1545 (1994). In fact, a "public accommodation is flatly prohibited from providing persons with disabilities 'a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals.'" *Small v. Dellis*, CIV. No. AMD 96-3190, 1997 U.S. Dist. LEXIS 23611 at *12-13 (D. Md. Dec. 18, 1997).

Injunctive relief is an available remedy for violations of section 12182(b)(2)(A)(iv) of the ADA. Such relief includes "an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . ." 42 U.S.C. § 12188(a)(2). Where appropriate, "injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods . . . ." Id.

In order to state a prima facie case of discrimination under Title III of the ADA, a

plaintiff must prove that:  (1) he or she has a disability; (2) the defendant is a place of public accommodation; and (3) that the plaintiff was denied full and equal treatment because of his or her disability.  *Parr V. L & L Drive-inn Restaurant, et al.*, 96 F. Supp. 2d 1065, 1085 (D. Hawaii 2000), *citing, Mayberry v. Von Valtier,* 843 F. Supp. 1160, 1166 (E.D. Mich.1994).   A plaintiff must also show that he or she was denied access under circumstances which give rise to the inference that such denial was based solely on his or her disability.  Id.  Since the present action claims discrimination because of a disability due to architectural barriers, Plaintiff must also prove that:  (1) the existing facility at the Defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable.  Parr, 96 F. Supp. 2d at 1065; 42 U.S.C. §12182(b)(2)(A)(iv).  If the Plaintiff satisfies these burdens, he has made a prima facie case of discrimination, and the burden shifts to the Defendant to rebut the prima facie case by a preponderance of the evidence.  *Parr,* 96 F. Supp. 2d at 1065.

### A.    Plaintiff Has a Qualified Disability.

The ADA defines "disability" with respect to an individual to mean: "a physical or mental impairment that substantially limits one or more of the major life activities of such individual, a record of such an impairment, or being regarded as having such an impairment."  42 U.S.C. §12102(2); 28 C.F.R. §36.104; *Parr*, 96 F. Supp. 2d at 1065.  A physical and mental impairment includes: "but is not limited to, such . . . conditions as orthopedic, visual, speech, and hearing impairments, cerebral palsy, epilepsy, muscular dystrophy, multiple sclerosis, [and] cancer . . ."  28 C.F.R. §36.104.  Major life activities include "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."  28 C.F.R. §36.104.  Many courts have declared that plaintiffs who must utilize a wheelchair for mobility have a qualified disability within the meaning of the ADA. *Small*, 1997

U.S. Dist. LEXIS 23611 at *1; *Botosan v. Paul McNally Realty*, 216 F. 3d 827 (9th Cir. 2000); *Parr*, 96 F. Supp. 2d at 1065.

The fact that Mr. Holt suffers from a spinal cord injury and requires the use of a wheelchair for mobility places him squarely within the category of persons with disabilities covered by the ADA.  As such, Plaintiff meets the "disability" element of their prima facie case of discrimination under the ADA.

### B.     Defendant American City Diner is a Place of Public Accommodation.

A place of "public accommodation," as that phrase is used in the ADA, means a facility which is "operated by a private entity, whose operations affect commerce" and specifically includes restaurants, bars, other establishments serving food or drink, places of entertainment, clothing stores, shoe repair services, sales and rental establishments, bowling alleys, places of recreation, and places of exercise.  28 C.F.R. §36.104.  Covered entities include "a private entity that owns, leases (or leases to), or operates a place of public accommodation."  *Id*.

Defendant premises, the American City Diner, by definition, is a place of public accommodation within the meaning of the ADA.  Defendant owns and operates a diner open to the public.  As such, Defendant is covered by Title III of the ADA as a public accommodation.

### C.     Plaintiff Was Denied Full and Equal Treatment Solely Because of his Disabilities and Intends to Return.

Because Mr. Holt requires the use of a wheelchair for mobility, he has not been able to enjoy full, safe and equal access to the Defendant's premises due to barriers to access.  In *Parr*, a similar Title III ADA case, the court concluded that the plaintiff, who required the use of a wheelchair, encountered barriers to access at the defendant's restaurant including an entrance ramp with an impermissibly excessive slope, an access route with an impermissibly steep cross

slope, parking spaces that were not on the shortest accessible route to the entrance, and a lack of maneuvering space by the payphone, among other barriers. *Parr*, 96 F. Supp. 2d at 1071-1086. In addition, the plaintiff noted several barriers which he did not personally encounter, but which were present upon defendant's premises that would impede access of other individuals with disabilities, such as those with sight impairments. *Id.* The court held that the plaintiff had "presented sufficient evidence to prove that he was denied full and equal treatment because of his disability due to architectural barriers." *Id.*

### D. Numerous Architectural Barriers Which Are Prohibited under the ADA Are Present at the American City Diner.

There are numerous barriers to access for individuals with disabilities still present on Defendant's property. Such barriers prevent these individuals from the full and equal enjoyment of the premises in contravention of the ADA.

Very specific guidelines for construction are discussed in Title III of the ADA and are contained within the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). The ADAAG was discussed in *Parr* as follows:

> The Department of Justice ("DOJ") adopted as part of its standards with regard to Title III a set of ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). Codified in 28 C.F.R. Part 36, App. A, **these standards constitute "legally binding regulation**." *Independent Living Resources v. Oregon Arena Corporation*, 1 F. Supp.2d 1124, 1130 n. 2 (1998). These standards are applied during the "design, construction, and alteration of . . . buildings and facilities," 28 C.F.R. Part 36, App. A, at 527, and "provide[s] valuable guidance for determining whether an existing facility contains architectural barriers." *Pascuiti v. New York Yankees*, 87 F. Supp. 2d 221, 226 (S.D.N.Y. 1999). The DOJ considers "any element in [an existing] facility that does not meet or exceed [ADAAG Standards] to be a barrier to access." *Id.* at 225 (quoting letter from DOJ to defendants).

*Parr*, 96 F. Supp. 2d at 1086 (emphasis added). *See also, Botosan*, 216 F. 3d at 833 (stating that "the Justice Department's interpretation of its own regulations, such as the Technical Assistance

Manual, must also be given substantial deference and will be disregarded only if 'plainly erroneous or inconsistent with the regulation.'")(internal citations omitted).

In *Small*, the plaintiff, a wheelchair user, claimed that the following were barriers to access:

> (1) entrance and stall doors to the men's and women's restrooms having a horizontal clearance less than 32 inches; (2) increased pressure of the restroom entrance doors; (3) non-insulated pipes underneath the sinks; (4) inadequate clear floor space in the restrooms; (5) soap and paper towel dispensers installed more than 54 inches above the finished floor; and (6) a six inch step up into the dining area . . . . [and in another part of the restaurant] (1) bar counters more than 36 inches high; (2) lack of accessible seating in the main bar room for wheelchair users; (3) inadequate clearance under the sinks in the men's restroom; (4) increased height of the towel dispenser in the men's room; and (5) faucets requiring two hand operation or tight grasping, pinching, or twisting of the wrist.

*Small*, 1997 U.S. Dist. LEXIS 23611 at *14-15. The court declared, **as a matter of law**, that those were barriers to the plaintiff's access which had to be removed, and granted summary judgment in favor of the plaintiff with regard to such. *Id.* at *23-24.

Architectural barriers to access of individuals with disabilities may be established by expert testimony. *Parr*, 96 F. Supp. at 1065 (establishing the architectural barriers which were present at defendant's place of business by the expert testimony of an ADA consultant). Experts familiar with the standards required in the ADA who physically inspect properties, taking all of the appropriate measurements to determine whether the property meets ADA guidelines, provide a valuable tool in ADA cases regarding the existence of barriers.

Plaintiff in the present case engaged the services of Tcherneshoff Consulting, Inc., Accessibility Consultants, to inspect Defendant's Restaurant for architectural barriers to access of individuals with disabilities. Tcherneshoff Consulting, Inc., has been providing expert opinions and consultation services in ADA cases since 1997.

Steven Mason is an employee of Tcherneshoff Consulting, Inc. and is a registered architect in New York, New Hampshire, Vermont, Maine and Michigan with NCARB reciprocity in most jurisdictions. Mr. Mason is a member of the American Institute of Architects and is certified by the National Council of Architectural Registration. He obtained his degree from the Boston Architectural Center School of Architecture in 1995. Mr. Mason specializes in barrier removal under the ADA and has been involved in accessibility studies and consulting since 1993.

Mr. Mason performed two on-site inspections of Defendant's place of business, the most recent being on August 22, 2006. He listed his findings in a survey report containing photographs and measurements, with references to the applicable ADA provisions. In his survey, Mr. Mason referred to the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). He found numerous barriers to access at the Defendant's premises for individuals with disabilities. A chart illustrating 1) the barriers presented, 2) the applicable ADAAG standards which demonstrate why the items constitute a barrier, 3) specific recommendations for removal of the barriers, and 4) an estimated budget for the removal of each such barrier. (See Exhibit "B"). Each of the issues Mr. Mason identified in each of his report constitute barriers, as they constitute barriers to access and are in violation of the ADAAG.

As numerous barriers to access were identified at the Defendant's place of business which constitute barriers to Plaintiff, Plaintiff has met this element of the prima facie case of disability discrimination under the ADA.

### E. Removal of the Barriers at Defendant's Property Is Readily Achievable.

The removal of the barriers which are present at Defendant's place of business is readily achievable. The term "readily achievable" is defined by the ADA to be "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. §12181(9). The

factors to consider when determining whether the removal of a barrier is readily achievable include: (1) the nature and the cost of the action needed; (2) the overall financial resources of the facility; (3) the overall financial resources of the covered entity; and (4) the type of operation of the covered entity. 42 U.S.C. §12181(9). The Code of Federal Regulations regarding Title III provides that a "public accommodation **shall** remove architectural barriers in existing facilities, including communication barriers that are structural in nature, where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense." 28 C.F.R. §36.304 (emphasis added). Several examples of steps which should be taken to remove barriers are discussed in the C.F.R. as follows:

> . . . steps to remove barriers. . . are not limited to, the following actions-- (1) Installing ramps; (2) Making curb cuts in sidewalks and entrances; (3) Repositioning shelves; (4) Rearranging tables, chairs, vending machines, display racks, and other furniture; (5) Repositioning telephones; . . .(8) Widening doors; (9) Installing offset hinges to widen doorways; (10) Eliminating a turnstile or providing an alternative accessible path; (11) Installing accessible door hardware; (12) Installing grab bars in toilet stalls; (13) Rearranging toilet partitions to increase maneuvering space; (14) Insulating lavatory pipes under sinks to prevent burns; (15) Installing a raised toilet seat; (16) Installing a full-length bathroom mirror; (17) Repositioning the paper towel dispenser in a bathroom; (18) Creating designated accessible parking spaces;. . ."

28 C.F.R. §36.304. Many of the steps enumerated for barrier removal in the C.F.R. are the same steps that the Plaintiff is requesting be taken in the present case.

Courts have also required that barriers to access for individuals with disabilities be removed when such removal was readily achievable. In *Parr*, the court determined that the removal of numerous barriers to the plaintiff's access was readily achievable. 96 F. Supp. 2d at 1088. First, the court addressed the barriers related to the entrance ramp and exterior route. *Id.* The court based its determination on the following: 1) the plaintiff's expert testified that barrier removal for those barriers would involve minimal cost and effort, 2) the plaintiff's expert

"suggested various reasonable alternatives for the removal of the barriers," 3) an ADA compliance officer for the defendant acknowledged that barrier removal was "very inexpensive," 4) photographs indicated that it would not be difficult or expensive to remove the barriers at issue, and 5) the defendant had annual revenues of approximately $500,000 to $600,000. *Id.* The court concluded that correcting the barriers would only involve "some asphalt and some planning" and could be accomplished without much difficulty or expense. *Id.* Therefore, the court declared that barrier removal was readily achievable. *Id.* The court engaged in a similar analysis with regard to several other barriers at the defendant's place of business.

In the present case, Mr. Mason made specific recommendations to remove the barriers to access which exist at the Defendant's premises. Many of the barriers can be removed with absolutely no expense or very little expense to the Defendant, as Mr. Mason's expert report and attached photographs demonstrate. For instance, modifications such as providing accessible tables would not require the Defendant to spend any money, but rather to relocate and modify the current table configuration at the American City Diner.

The ADA was passed in 1990 and became effective on January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A). As such, Defendant has had 16 years since the passage of the ADA and twelve years since its effective date to remove these barriers to access. Given the fact that the Defendant's Restaurant has been in operation since prior to the enactment of the ADA, Defendant's failure to remove these barriers to access over the past fourteen years amounts to discrimination. A review of both of Plaintiff's expert reports reveals that the removal of some of the individual barriers would cost as little as 0 to 100 dollars.

Furthermore, if a particular barrier would be difficult to remove immediately due to the expense involved, the Defendant could, at the very least, remove the barrier over a period of

13

time. The Title III Technical Assistance Manual promulgated by the Department of Justice in November of 1993 specifically states:

> **III-4.4400  Continuing Obligation.**  The obligation to engage in readily achievable barrier removal is a continuing one.  Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. (p. 35)

(See Excerpts from Title III Technical Assistance Manual).  Since the enactment of the ADA, the significant barriers to access which remain at the Defendant's restaurant could have been removed if the Defendant had just done a little each year to increase accessibility.

In fact, the C.F.R. sections regarding the ADA contains a list of priorities for barrier removal which is helpful to determine what actions need to be taken first, if expense is an issue. 28 C.F.R. §36.105.  Accordingly, the removal of all of the barriers which exist at the Defendant's place of business is readily achievable and the Plaintiffs have met this element of their prima facie case of discrimination under the ADA.

In addition, even if providing full access were not readily achievable, the law is clear that, if compliance with the ADAAG standards for alterations "**would not be readily achievable, a public accommodation may take other readily achievable measures to remove the barrier that do not fully comply with the specified requirements.  Such measures include, for example, providing a ramp with a steeper slope or widening a doorway to a narrower width that that mandated by the alterations requirements.**"  28 C.F.R. §36.304(d)(2) (emphasis added).  In addition, at this point in time, it is believed that there are significant financial resources available to Defendant to make all of the require modifications under the ADA.  However, the Defendant has still not yet provided responses to Plaintiff's discovery as previously ordered by the Court.  The Plaintiff respectfully requests the ability to supplement this Motion for Summary Judgment upon receipt of said outstanding responses.

However, regardless of the financial status of the Defendant, pursuant to the argument above, removal of all barriers to access at the restaurant is readily achievable.

### III. Conclusion

In the present case, Mr. Holt, has established all of the elements of a prima facie case of discrimination under Title III of the Americans with Disabilities Act: 1) Mr. Holt is an individual with a qualified disability under the ADA, (2) Defendant owns and operates the American City Diner at issue in this cause which is a place of public accommodation, (3) The Plaintiff was denied full and equal treatment solely because of his disability and has a specific intent to return, (4) the subject American City Diner presents numerous architectural barriers to access denying Plaintiff full, safe and equal access which is prohibited by the ADA, and (5) the removal of such barriers is readily achievable. Accordingly, Plaintiffs are entitled to injunctive relief requiring that all barriers be removed as outlined in Plaintiff's expert report. In addition, Plaintiff is entitled to attorney's fees, costs and litigation expenses the amount of which to be determined at a later date, pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court.

WHEREFORE, Plaintiff, Russell Holt, respectfully requests that the Court enter Judgment in favor of Plaintiff, and

    A.    That the Court declare that the property owned and/or administered by AMERICAN CITY is violative of the ADA;

    B.    That the Court enter an Order directing AMERICAN CITY to alter the subject property to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and as outlined in Plaintiff's Expert Report;

    C.    That the Court enter an Order directing AMERICAN CITY to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.      That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.      That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 25th day of October, 2006.

                                          Respectfully submitted:

                                          ___s/Jason E. Miles_____
                                          Jason E. Miles, Esq.
                                          Federal Bar No: MD26349
                                          Schwartz Zweben & Associates, LLP
                                          51 Monroe Street, Suite 812
                                          Rockville, MD 20850
                                          Telephone:    (301)294-6868
                                          Facsimile:     (301)294-6480
                                          jmiles@szalaw.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court and to : Jay Weiss, Esquire, attorney for Defendant at office@jsweisspc.com  and furnished via U.S. Mail , first class postage pre-paid to Jay Weiss, Esquire, located at 1828 L Street NW, Suite 902, Washington, DC 2003 on this _25th_ day of October, 2006.

                                          ___s/ Jason E. Miles_____
                                          Jason E. Miles, Esq.