IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RUSSELL HOLT** | * |
| | * Civil Action No: 05-1745 |
|     **Plaintiff,** | * |
| | * |
|  **vs.** | * |
| | * |
| **AMERICAN CITY DINER, INC.** | * |
| **d/b/a AMERICAN CITY DINER** | * |
| | * |
|     **Defendant.** | * |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND OTHER APPROPRIATE RELIEF

COMES NOW the Defendant, American City Diner, Inc., by and through counsel, and moves this Honorable Court for Summary Judgment in its favor on the basis that the Plaintiff lacks standing to pursue this matter for reasons as set forth herein below:

### BACKGROUND

1. Plaintiff Russell Holt is a 37 year old resident of Boyds, Frederick County, Maryland who, due to an alleged spinal cord injury suffers from parapalegia, and has filed a Complaint in this Court seeking injunctive relief, attorneys fees, and costs under 42 U.S.C. §12181 known as the Americans With Disabilities Act (hereinafter sometimes referred to as the "ADA") and has alleged original jurisdiction with this Court under 28 U.S.C. §§1331 and 1343.

2. Plaintiff's Complaint alleges that he "*visited the American City Diner in August of 2004 at approximately 1:30 p.m.",* (see Plaintiff's Answer to

Interrogatory number 4 propounded by Defendant).

3. Plaintiff's Complaint alleges 9 violations of the ADA and 28 C.F.R. 36.302 which constitutes acts of discrimination against him due to "specific barriers" to his access to the restaurant. **However, Plaintiff admits in his Answers to Interrogatories (See Answer to Interrogatories 4, 5, and 6)** that he never went into the restaurant. Accordingly, Plaintiff's allegations of discrimination based on specific barriers Numbered III through IX in paragraph 12 of his Complaint could not have been observed by the Plaintiff as he has admitted that he has never been inside the restaurant.

4. Plaintiff waited an entire year before filing the Complaint that is the subject of this lawsuit (see Court filing date of August 31, 2005) and during that entire one year period, the Plaintiff never communicated personally or through counsel to the Defendant or anyone on behalf of the Defendant any concerns about accessibility to the restaurant for individuals with disabilities such as that from which he suffers.

5. Defendant has filed an Answer to the Complaint and provided responses to discovery requests denying the allegations of the Plaintiff as to violations of the ADA but in a spirit of conciliation it has consented to allow the Plaintiff to inspect the premises by its "expert witness" to determine if such violations exist on the property. When notified by the Plaintiff of the existence of some of these violations/barriers, the

Defendant has taken steps to remedy these violations in order to conduct his business in the spirit of the ADA, **without admitting that it was or is in violation of the ADA.**

6. It was not until the Defendant obtained the Answers to Interrogatories that the Defendant learned, for the first time, that the Plaintiff had never entered the Defendant's premises. Thus Plaintiff's allegations comprising the majority of his Complaint are without legal foundation to the extent that Plaintiff does not have standing to bring this action.

7. The Court's attention is also directed to the Plaintiff's Rule 26(a)(1) Disclosure, filed by Plaintiff's former attorney, in which he states in paragraph 1 *"RUSSELL HOLT has personal knowledge regarding the barriers to access that he encountered at the Defendant's restaurant, a place of public accommodation, in violation of Title III of the ADA."*

8. It was also not until Defendant received Answers to Interrogatories from the Plaintiff that it learned that the Plaintiff had been involved in no less then 17 lawsuits filed in the Washington metropolitan area from 2001 through 2006, in what appears to be Federal Courts in the District of Columbia, Maryland, and Virginia alleging similar claims of discrimination and seeking injunctive relief including attorneys fees and costs pursuant to provisions of the ADA, all filed by the same law firm and nearly all using the same expert witnesses.

## ARGUMENT

1.  Plaintiff's Complaint, alleging violations of the ADA and 28 C.F.R. 36.302 can only succeed if he has standing.  It is the burden of the Plaintiff to establish that he has standing to pursue his claims and to do so he must establish that he has suffered "an injury in fact", an invasion of a legally protected interest which is **(a)** concrete and particularized and **(b)** "actual or imminent", not "conjectural" or "hypothetical.", See *Lujan vs. Defenders of Wildlife, 504 U.S. 555, 560, 561, 112 S.Ct  2130 (1992).*

2.   The second test of standing is that there must be a showing of a causal connection between the injury and the conduct about which the Plaintiff complains, that is, the injury has to be connected to or traceable to the actions of the Defendant.  Third, it must be "likely", as distinguished from simply "speculative" that the injury could be redressed by a favorable decision.  In order to establish an injury in fact sufficient to confer standing to pursue injunctive relief, a Plaintiff must demonstrate a "real or immediate threat that the Plaintiff will be wronged again, a "likelihood of substantial and immediate irreparable injury", See *City of Los Angeles vs. Lyons, 461 U.S. 95, 111, 103, S.Ct  1660 (1983).*

3.  Because the spirit and content of the ADA is designed to redress grievances by disabled individuals to public accommodations, many of them being in the restaurant field, Courts have examined the concept of whether a Plaintiff has established

4

a likelihood of future injury and, in doing so, as the Court stated in *Molski vs. Mandarin Touch Restaurant, 385 F. Supp. 2d 1042 (decided August 30, 2005)* the following factors will be considered:

- **(a)** The proximity of the place of public accommodation to Plaintiff's residence.

- **(b)** Plaintiff's past patronage of Defendant's business.

- **(c)** The definitiveness of Plaintiff's plans to return.

- **(d)** The Plaintiff's frequency of travel near Defendants business.

4. Should the Plaintiff establish "standing" to pursue his claims the Court can still, in applying these factors, find that there is little or no likelihood of future injury and, as a result, deny the Plaintiff the injunctive relief sought. An examination of the following statement of facts should lead this Court to conclude that the Plaintiff does not have standing and, as a result, the Motion for Summary Judgment, or in the alternative, to dismiss, should be granted:

- **(a)** The Plaintiff's Answers to Interrogatories (Answer number 1) indicates that he lives in Boyds, Maryland which is approximately 26 miles from the Defendant's restaurant. Furthermore, the Plaintiff's place of business or place of employment is listed in this Answer as being at his home residence. ("Executive Director of Access Information, Inc.," see address above). As the Court indicated in **Molski,** the distance between a Plaintiff's residence and a public accommodation is a factor and where the distance is significant,

      the likelihood of future harm decreases. [1]

**(b)**  With respect to the Plaintiff's past patronage of Defendant's business, it is clear from Plaintiff's Answer to Interrogatory number 4 that the one and only time the Plaintiff ever "visited" Defendant's restaurant was sometime in August, 2004 on which date Plaintiff admits (in contradiction to his filed disclosure under Rule 26(a)(1), that he never went into the restaurant. In what has been described as a "close case", the Court in *Parr v. L&L Drive-In Rest., 96 F. Supp* 2d 1065 (2000), considered factors including the proximity of Plaintiff's residence to the Defendant and found them sufficient to tip the scales in favor of Plaintiff's right to pursue the action. However, one of the factors in the Court's decision was the fact that the restaurant about which the Plaintiff in that case complained was part of a "chain of restaurants" which the Plaintiff had frequented in the past and because the particular franchise where the Plaintiff was complaining was within a reasonable distance from his residence, the Plaintiff was able to pursue its action.

    Other cases, including *Pickern v. Holiday Quality Foods, Inc., 293 F.* 3d 1133 (9th Cir. 2002) also found in favor of a Plaintiff but based the finding on the fact that the grocery store in question was part of a chain where the Plaintiff regularly shopped. In the present case, the Plaintiff never visited Defendant's place of business prior to August, 2004 and has not visited the business since that date. Because the Plaintiff cannot show any connection to this restaurant, unlike the Plaintiff's in *Parr and Pickern*, and because there is nothing unique about Defendant's restaurant nor is it a chain, and because there is nothing distinguishable about this restaurant, this would

---

[1] Defendant has attached a MAPQUEST printout indicating the distance between Plaintiff's residence and Defendant's restaurant. The Court in another *Molski* case (*Molski v. Levon Inv, Co 3 -8437-SVW, filed August 24, 2005, U.S. District Court, C.D. California* found that "considerable distance" of 30 miles between *Molski*'s residence and gas station weighed against *Molski* establishing a likelihood of future harm."

mitigate against a finding of future harm which is the foundation of the Complaint in this cause of action.

**(c)** Another factor the Court considered in the *Molski* case decided August 30, 2005 is the extent of Plaintiff's plan to return to the restaurant. In considering the reasonableness of a claim by a Plaintiff as to facing a real and immediate threat of future harm by patronizing a public establishment, the Court said that "**Standing cannot be established "by respondents' mere profession of an intent, some day, to return."**

In this case, it is clear from a cursory reading of Plaintiff's Answers to Interrogatories that Plaintiff has not expressed an intent to return to Defendant's place of business unlike the possibilities that Plaintiff **might return to other chain businesses such as CVS Corporation, or Bread and Chocolate, Inc., or Central Parking System of Virginia, Inc., all businesses that have multiple locations which he has sued.** The American City Diner is not a chain nor is there anything unique about this business that in any way would set it apart from any of the other businesses that Plaintiff contends he visited in the 17 lawsuits that he has filed. The record will reflect that, while the Defendant has made efforts to "comply", although not admitting any violations, by making various renovations to his restaurant, and Plaintiff's expert has made a second inspection of the premises after said renovations were undertaken, Defendant advises the Court that neither he, that is, Jeffrey Gildenhorn, President and operating manager of American City Diner, Inc., nor any of his employees have ever seen the Plaintiff, Russell Holt, in the restaurant in the 14 months <u>since</u> this Complaint was filed nor in the preceding 12 months <u>before</u> the Complaint was filed.

**(d)** With respect to any claims by Plaintiff that he plans to return to the restaurant, an ADA Plaintiff seeking injunctive relief has to demonstrate that there is an actual and immediate threat of future harm should he undertake to visit

7

the establishment, see *Parr, 96 F. Supp. 2d at 1079.* A Plaintiff seeking standing cannot create it by a mere statement that he intends some day to return to the restaurant. While this Court has not had the benefit of reviewing any pleadings from any of the 17 other actions that the Plaintiff has been a party to, primarily because Plaintiff was requested to produce such pleadings but has failed to do so to date, the Court can make a judgment as to the sincerity of the Plaintiff to return to the place of business and whether there are sufficient factual circumstances from which the Court could make such a finding. As the Court said in **Molski**, "A serial Plaintiffs extensive litigation history can undermine his professed intent to return, citing *Brother v. Tiger Partner, LLC 331 F. Supp. 2d 1368, 1373 (M.D. FLA. 2004),* a case where the Plaintiff contended that he was going to return to all 54 of the businesses that he had sued.

## CONCLUSION

The Court has before it a Plaintiff who presumably suffers from a significant disability, namely, paraplegia, and as a result of that disability has filed or participated in no less then 17 cases in the Federal Court system within the District of Columbia, Maryland and Virginia. It is possible that the Plaintiff may have participated in even more cases since the only document Defendant has received is the PACER printout of cases which he allegedly has participated in. The Court has before it an individual who contends that the Defendant is in violation of the ADA in no less the 9 different respects and yet, as the Plaintiff admits in his Answers to Interrogatories (see Answer number 22) the only thing that he saw at this restaurant was the front entrance and the route leading to the front entrance and he determined that it was

too difficult and dangerous "*to attempt to enter the restaurant.*"[2]  He then goes on to say that his former attorney, Joel Zuckerman "*visited the restaurant to confirm the barriers to access and he informed me of the other items listed in the Complaint.*"

It is respectfully suggested that these admissions by the Plaintiff which, the Court is reminded, contradict his Rule 26(a)(1) Disclosure, clearly establish that the Plaintiff does not have standing to pursue this action.  The factors recited in the *Molski* case, namely, **(1)** proximity of public accommodation, **(2)** past patronage of the business **(3)** Plaintiff's intent to return to the business and **(4)** Plaintiff's frequency of travel near the business when applied to the facts of this case as known by the Court on the basis of pleadings filed to date would support this Court's finding that the Plaintiff does not have standing to pursue this cause of action and the Summary Judgement should be granted.

>Respectfully submitted,
>
>LAW OFFICES JAY S. WEISS, P.C.
>
>By: _____s/Jay Weiss_____
>Jay S. Weiss, 29652
>1828 L Street, N.W.
>Suite 902
>Washington, D.C.  20036
>(202)872-1545
>Attorney for Defendant

---

[2] The Defendant will proffer that 1 of its witnesses, if this case has to go to trial, is Pulitzer prize winning author and columnist Charles Krauthammer, a paraplegic who regularly patronizes this restaurant.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 25, 2006, I electronically filed the foregoing document with the Clerk of the Court, to the following ECF Registrant:

>Jason Miles, squire
>**SCHWARTZ, ZWEBEN & SLINGBAUM, LLP**
>51 Monroe Street
>Suite 812
>Rockville, Maryland 20850
>Attorney for Plaintiff

                                                    s/Jay Weiss
                                         Jay S. Weiss
                                         Attorney for Defendant

ATTACHMENT

Driving Directions from 21618 Slidell Rd, Hoyds, MD
to 5500 Connecticut Avenue, N.W., Washington, D.C. 20015

**START:** 21618 Slidell Rd  **END:** 5500 Connecticut Avenue, N.W.
Boyds, MD 20841-9300  Washington, DC 20015-2602

Total Est. Time:  Total Est. Distance:
40 minutes  26.04 miles

| **Maneuvers** | **Distance** |
|---|---|
| 1. Start out going SOUTH on SLIDELL RD toward BARNESVILLE RD. | 1.0 miles |
| 2. Turn LEFT onto BARNESVILLE RD/MD-117. | 1.0 miles |
| 3. Turn RIGHT onto MD-121/CLARKSBURG RD/MD-117 | 0.1 miles |
| 4. Turn LEFT onto CLOPPER RD/MD-117 | 2.2 miles |
| 5. Turn LEFT onto GERMANTOWN RD/MD-118 N. | 1.9 miles |
| 6. Merge onto I-270 S. Toward WASHINGTON | 14.9 miles |
| 7. I-270 S becomes I-495 E/CAPITAL BELTWAY | 1.5 miles |
| 8. Merge onto MD-185 S/CONNECTICUT AVE via EXIT 33 toward CHEVY CHASE | 2.7 miles |
| 9. Enter next roundabout and take 4th exit onto CONNECTICUT AVE NW (Crossing into DISTRICT OF COLUMBIA) | 0.3 miles |
| 10. End at **5500 Connecticut Avenue, N.W. Washington, D.C. 20015-2602** | |