UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL HOLT,

    Plaintiff,

vs.                                                  CASE NO.: 1:05-cv-01745
                                                       Judge Kollar-Kotelly

AMERICAN CITY DINER, INC,

    Defendant.
_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND OTHER APPROPRIATE RELIEF**

**COMES NOW**, Plaintiff, Russell Holt, by and through his counsel, Jason E. Miles, Esq., and the Law Offices of Schwartz, Zweben & Slingbaum, LLP, and files this Opposition to Defendant's Motion for Summary Judgment and Appropriate Relief (See Docket #25); and requests that this Honorable Court deny Defendant's motion on the basis that the Plaintiff has established standing to pursue this matter for reasons as set forth herein below:

    **I.**    **STATEMENT OF UNDISPUTED FACTS**

Plaintiff suffers from a verified spinal cord injury, is diagnosed with paraplegia, and is a full time wheelchair user, who frequently visits the area where the restaurant at issue is located. (See Affidavit of Russell Holt attached hereto as Exhibit "A" and incorporated, ¶2). He travels to this area approximately three times per week. And, he further stated in his initial complaint that he "continues to desire to and intends to visit the Defendant's premises in the future, but continues to be denied full, safe and equal access due to the violations which continue to exist." (See Initial Complaint, Docket No.1 at ¶ 4).

1

Plaintiff stated in his answer to interrogatories that he "visited the American City Diner in August of 2004 at approximately 1:30pm." (See Plaintiff's Response to Defendant's First Set of Interrogatories attached hereto as Exhibit "B" and incorporated, Ans. No: 4). Mr. Holt did not remember the exact date, but did remember the time as he had time prior to a meeting and was hungry and wanted to have lunch. Plaintiff further stated that he parked on the street in front of the restaurant to go inside and have some food and prepare for his meeting. He wheeled up toward the restaurant and saw how difficult and dangerous it was to access the main entrance due to his disability and use of a wheelchair. He looked to see if there was a way he could ask for help to gain access, but he couldn't even get close enough to the entrance to get anyone's attention from the restaurant for help so he left. (See Exhibit "B, Ans. No.: 4).

Plaintiff acknowledges not being served within the American City Diner. (Holt Exhibit "B, Ans. No.: 7). He further stated that he "failed to enter the restaurant because it was too difficult and dangerous to do so and he believed that it was likely he would have been physically injured". (Holt Exhibit "B, Ans. No.: 14).

Specifically, Plaintiff stated that he "saw the front entrance and the route leading to the front entrance and determined that it was too difficult and dangerous to attempt to enter the restaurant." (Holt Exhibit "B, Ans. No.: 22). Accordingly, Mr. Holt stated, that "it was very apparent that those items did not comply with the ADA." Id.

With regard to the other specific items listed in the complaint, and prior to the filing of this lawsuit, Plaintiff's prior counsel, Joel Zuckerman, in connection with his confirmation of the ADA violations of which he was advised by Mr. Holt, visited the restaurant to confirm the barriers to access, and informed the Plaintiff of the other items

listed in the complaint that Mr. Holt was unable to encounter solely due to his disability. (Holt Exhibit "B, Ans. No.: 22).

The Defendant consented to allow the Plaintiff's Expert Witness to enter onto the property for the purpose of determining if the alleged violations existed.  Steve Mason (hereinafter sometimes referred to as "Mr. Mason"), inspected the subject American City Diner for ADA compliance and to make recommendations for the removal of barriers to access on March 9, 2006.  After Mr. Mason's inspection of the American City Diner, he memorialized his findings in a survey report containing photographs and measurements. (See Plaintiff's First Expert Report attached hereto as Exhibit "D").  In the report, Mr. Mason referred to relevant portions of Exhibit A to 28 CFR part 36, the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG").  Mr. Mason's report contains information regarding 1) the barriers present, 2) the applicable ADAAG standards which demonstrate why the items constitute a barrier, 3) specific recommendations for removal of the barriers, and 4) an estimated budget for the removal of each such barrier.  Mr. Mason found several significant barriers to access for individuals with disabilities at the subject American City Diner, and that the American City Diner did not meet the guidelines provided in the ADA and ADAAG.  (See Holt Exhibit "D").

Steven Mason, AIA is an employee of Tcherneshoff Consulting, Inc., and is a registered architect in New York, New Hampshire, Vermont, Maine and Michigan with NCARB reciprocity in most jurisdictions.  (See Affidavit for Steve Mason attached hereto as Exhibit "C" and incorporated, ¶2).  Mr. Mason is a member of the American Institute of Architects and is certified by the National Council of Architectural

Registration. He obtained his degree from the Boston Architectural Center School of Architecture in 1995. Mr. Mason specializes in barrier removal under the ADA and has been involved in accessibility studies and consulting since 1993. (See Exhibit "C"- Attached CV.)

A total of two site inspections were conducted, the first of which occurred on March 9, 2006, and documented the existence of all of the ADA violations alleged in the Plaintiff's initial complaint. (See Holt Exhibit "D"). The second site inspection took place on August 22, 2006, and revealed that certain efforts had been taken to remove barriers at the American City Diner, some of which were successful, yet other significant barriers still remained at the Diner that were encountered by Mr. Holt and are barriers to access to him due to his disability. (See Plaintiff's Second Expert Report attached hereto as Exhibit "E", and incorporated, Page No. 2).

For the above reasons, and as a result of Plaintiff's physical disability, he was discriminated against and denied full, safe and equal access to this place of public accommodation, the American City Diner. All ADA violations were verified by Plaintiff's Expert prior to Defendant's efforts to remove certain barriers, and for which significant barriers still remain at the property, as verified in Plaintiff's Second Expert Survey Report.

## II.    STANDARD FOR GRANTING SUMMARY JUDGMENT

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P 56(c); *Celotex Corp. v. Cartrett*, 477 U.S.

317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989). The Court is not to "'weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "A genuine issue for trial exists only when there is sufficient 'evidence on which the jury could reasonably find for the plaintiff.' " *Id*. (quoting *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. 2505).

The moving party bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. at 325, 106 S.Ct. 2548. The burden then shifts to the nonmoving party to produce evidence that would support a finding in its favor. See *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 250-52, 106 S.Ct. 2505, 2511-12, 91 L.Ed.2d 202 (1986). All inferences are drawn in the light most favorable to the nonmoving party. *Spradlin v. Jarvis (In re: Tri-City Turf Club, Inc.)*, 323 F.3d 439, 442 (6th Cir. 2003) (citations omitted). The party opposing a motion for summary judgment, however, " 'may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.' The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts.'" *In re Tri-City Truf Club, Inc.*, 323 F.3d at 442-43 (internal citations and quotations omitted). *See also Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct 2505; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "'If after reviewing the record as a whole a rational fact finder could not find for the nonmoving

party, summary judgment is appropriate.'" *Braithwaite v. Timken Co.*, 258 F.3d 488, 493 (6th Cir. 2001).

**III.  ARGUMENT**

    **A.  Plaintiff has standing to sue for injunctive relief against Defendant**

In order to prevail in his suit for injunctive relief, Plaintiff must not only show that he suffered an injury, his injury must also satisfy the "case and controversy" requirement of Article III. It is long-standing Federal Law that, in order to establish and maintain standing to bring suit, a plaintiff bears the burden of showing: (1) injury-in-fact, or the invasion of a legally protected interest, that is both (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and conduct complained of; and (3) a likelihood that a favorable decision will redress the wrong. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The Court in *Organization for the Advancement of Minorities with Disabilities Suing On Behalf of Its Members v. The Brick Oven Restaurant*, 406 F. Supp. 2d 1120 (S.D. Cal 2005), went on to further state that a wheelchair-bound individual has standing to assert claims for violations of ADA's accessibility guidelines, where the individual claimed that he had (1) visited the restaurant, (2) had encountered architectural barriers, and (3) intended to return to restaurant, (4) that defendants owned real property that housed restaurant, (5) and that injunctive relief under ADA would redress his injury. Americans with Disabilities Act of 1990, § 302, 42 U.S.C.A. § 12182.

In looking at the ADA's standing requirement for injunctive relief, Plaintiff must allege that a public accommodation has discriminated against him and that there is a "real or immediate threat that the [public accommodation] will again subject [him] to

discrimination." *Bird v. Lewis & Clark College, 303 F.3d 1015, 1019 (9th Cir.2002)* . This requires the Court to first look at whether Plaintiff is suffering a sufficiently "concrete and particularized" and "actual or imminent" injury to satisfy the Court's "injury in fact" requirement. In order to be concrete and particularized, "… the injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n. 1, 112 S.Ct. 2130. "This can be done by a plaintiff showing that he has encountered (or has knowledge of) barriers at a place of public accommodation and he intends to return to the public accommodation in the future." *The Brick Oven Restaurant*, 406 F. Supp. 2d at 1126.  In *Parr v. L & L Drive-Inn Restaurant, et al.,* 96 F. Supp. 1160, 1071-1086 (E.D. Mich.1994), the Court concluded that the Plaintiff, who required the use of a wheelchair, encountered barriers to access at the Defendant's restaurant including an entrance ramp with an impermissibly excessive slope, an access route with an impermissibly steep cross slope, parking spaces that were not on the shortest accessible route to the entrance, and a lack of maneuvering space by the payphone, among other barriers.  In addition, the plaintiff noted several barriers that he did not personally encounter, but which were present upon defendant's premises that would impede access of other individuals with disabilities, such as those with sight impairments. Id.  The court held that the plaintiff had "presented sufficient evidence to prove that he was denied full and equal treatment because of his disability due to architectural barriers." *Id.*

In the present case, Defendant's restaurant contained numerous barriers to access. For example, (1) The threshold at the ramp outside the entrance to the restaurant is too high; (2) There is no level landing provided outside the entry door to the restaurant; (3) There is insufficient clear floor space provided outside the entry door to the restaurant;

(4) There is insufficient knee clearance provided at the common use lavatory; (5) The door to the toilet room contains hardware that requires tight grasping, pinching and twisting of the wrist; (6) The lavatory contains hardware that requires tight grasping, pinching and twisting of the wrist; (7) The "accessible" toilet stall is too narrow; (8) The "accessible" toilet stall lacks adequate and compliant grab bars; (9) There is an insufficient number of "accessible" seating positions provided in the restaurant.  Due to the fact that Mr. Holt requires the use of a wheelchair for mobility, he has not been able to enjoy full, safe and equal access to the Defendant's premises (in fact he wasn't able to even enter the premises).  Plaintiff was denied full and equal treatment solely because of his disabilities due to the architectural barriers at the premises. Plaintiff has suffered an injury as a result of American City Diner's non-compliance with the ADA by failing to provide full and equal access to the premises due to architectural barriers.

In addition to suffering a concrete injury particular to himself, Plaintiff must also show that he has suffered actual or imminent injury.  A disabled individual has suffered an "actual injury" when he is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA.  *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir.2002). "Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers 'imminent injury.'" *Id*. Plaintiff suffered an actual injury because he visited the restaurant and Defendants discriminated against him by failing to provide full and equal access.  Mr. Holt intends to go back to the restaurant once these barriers are removed.

The second standing element requires the "injury be fairly traceable to defendants' conduct." *The Brick Oven Restaurant*, 406 F. Supp. 2d at 1126. Plaintiff's complaint alleges that he was discriminated against by Defendant by virtue of the Defendant failing to provide full access to the premises. Accordingly, Plaintiff's complaint establishes the second element of standing, causation, because it alleges that Defendant owns the real property that houses the premises that discriminated against Plaintiff.

Lastly, Plaintiff must show that the requested relief is available to redress his injury. Plaintiff seeks injunctive relief for his claims arising under the ADA. Under the ADA, injunctive relief is available to "any person who is being subjected to discrimination on the basis of disability" or who has "reasonable grounds for believing that such person is about to be subjected to discrimination." 42 U.S.C. § 12188(a)(1). As discussed above, Plaintiff has sufficiently alleged that Defendant's conduct constituted past, and presents future, ADA violations. Therefore, Plaintiff's prayer for injunctive relief is available under the ADA.

### B.    Plaintiff has established the likelihood of future injury.

Defendant argues that even if the Court finds that Plaintiff has standing, the Court can still find that there is little or no likelihood of future injury, and as a result, the Court should deny Plaintiff's request for Injunctive Relief. Defendant argues that in evaluating whether an ADA plaintiff has established a likelihood of future injury, courts have looked to such factors as: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant's

subject property. *Molski v. Mandarin Touch Restaurant*, 385 F. Supp.2d 1042, 1045 (C.D.Cal.2005).

The Court in *Molski* indicated that the distance between the Plaintiff's residence and the public accommodation is a factor in determining the likelihood of injury. "As the distance between the plaintiff's residence and the public accommodation increases, the likelihood of future harm decreases. When the distance between the two is significant, especially if it is in excess of 100 miles, courts have consistently held that it weighs against finding a reasonable likelihood of future harm." *Id*. at 1045. The Court in *Molski* found that the distance between Plaintiff's residence and the subject premises weighed against the likelihood of future harm. Unlike the Plaintiff in *Molski*, who lived approximately 116 miles from the subject premises, Plaintiff lives approximately 26 miles from American City Diner and goes to that area on a regular basis, several times a week (Exhibit "A" and incorporated, Ans. No(s): 3, 21).

Relying on *Molski*, Defendant also argues that another factor in determining the threat of future of harm is Plaintiff's past patronage to the public accommodation. In determining the threat of future harm, Defendant argues that since plaintiff has visited American City Diner only once, the lack of a history of past patronage seems to negate the possibility of future injury at that particular location. However, the Court has held that a single act of past discrimination may be sufficient to establish standing to bring an action under the ADA, if the Plaintiff can demonstrate that he faces a real and immediate threat of future harm. *Delil v. El Torito Restaurants, Inc.*, No. C 94-3900-CAL, 1997 WL 714866, 4 (N.D.Cal. June 24, 1997). Unlike Defendant would have the Court believe, Courts are "reluctant to embrace a rule of standing that would allow an alleged

wrongdoer to evade the court's jurisdiction so long as he does not injure the same person twice." *Independent Living Resources v. Oregon Arena Corporation,* 982 F.Supp. 698, 702 (D.Or.1997). The provisions of the ADA would go un-enforced, the alleged unlawful conduct would persist, and Defendant would not be held accountable. Mr. Holt visited only once because he could not get into the restaurant at all. It would be futile for him to attempt to access the restaurant again once he is on notice that he is not able to do so.

      Defendant also argues that standing cannot be established "by respondents' mere profession of an intent, some day, to return." To the contrary, where a plaintiff lacks "concrete plans to return," the Court must satisfy itself that the plaintiff's professed intent to return is sincere and supported by the factual circumstances of the case. *See Parr,* 96 F.Supp.2d at 1079-80. Defendant alleges that Plaintiff has no intention on returning to the American City Diner. In fact, Defendant alludes to the fact that this particular matter may show a pattern of abusive litigation, based on the fact that Plaintiff has filed other lawsuits seeking injunctive relief. Defendant offers no evidence that any prior filings by Plaintiff or Plaintiff's counsel have been found to be baseless or frivolous (and in fact none have). Likewise, Defendant offers no indication that Plaintiff or his counsel have abused the judicial process by filing valid lawsuits. Instead, Defendant attempts to prejudice Plaintiff for seeking to assert his fundamental civil rights. All Defendant really shows is how pervasive discrimination under the ADA is, and *incredibly*, in a twisted way, seeks to benefit from that fact. Nonetheless, Defendant's statements regarding other lawsuits are unprofessional, irrelevant, scandalous, and should be stricken as immaterial pursuant to Fed. R. Civ. P. 12 (f).

### IV.     CONCLUSION

Defendant contends that Plaintiff lacks standing because there is no "injury in fact", thus there is no likelihood of future harm. Defendant's argument is unpersuasive for the following reasons. First, Plaintiff has standing to allege ADA violations in which he did not encounter, as long as Plaintiff is "among the injured." The legal interest at stake is Plaintiff's right to patronize American City Diner free from discrimination. The discrimination occurred as soon as Plaintiff encountered an architectural barrier. Plaintiff should not be required to encounter every barrier seriatim within American City Diner to obtain effective relief.

As discussed above, the alleged discrimination against Plaintiff is a concrete injury that is actual or imminent. There is a likelihood of future injury as to the barriers previously encountered and the barriers that were not previously encountered, so long as the barriers deny access on account of Plaintiff's disability. When Plaintiff returns, all related barriers that still exist would constitute re-injury. Plaintiff would clearly have a personal stake in the outcome because any injunctive relief would redress said injury.

In the present case, Mr. Holt, has established all of the elements of a prima facie case of discrimination under Title III of the Americans with Disabilities Act: 1) Mr. Holt is an individual with a qualified disability under the ADA, (2) Defendant owns and operates the American City Diner at issue in this cause which is a place of public accommodation, (3) Mr. Holt was denied full and equal treatment solely because of his disability and has a specific intent to return, (4) the subject American City Diner presents numerous architectural barriers to access denying Plaintiff full, safe and equal access which is prohibited by the ADA, and (5) the removal of such barriers is readily

achievable.  Accordingly, Plaintiffs are entitled to injunctive relief requiring that all barriers be removed.

WHEREFORE, Plaintiff respectfully moves this Court to deny Defendant's Motion for Summary Judgment and enter Judgment in favor of Plaintiff, and award Plaintiff his reasonable attorney's fees, costs, litigation expenses and whatever further relief the Court deems appropriate and just.

Dated: November 13, 2006                    Respectfully submitted:

                                         __s/ Jason E. Miles_____
Jason E. Miles, Esq.
Federal Bar No: MD26349
Schwartz Zweben & Associates, LLP
51 Monroe Street, Suite 812
Rockville, MD 20850
Telephone:    (301)294-6868
Facsimile:    (301)294-6480

jmiles@szalaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 13, 2006, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court and to Jay Weiss, Attorney for Defendant at office@jsweisspc.com , and a hard copy mailed first class postage pre-paid to Jay Weiss, Esquire, located at 1828 L Street NW, Suite 902, Washington, DC 2003.

                                           _____s/Jason E. Miles_____
Jason E. Miles, Esq.