IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL HOLT

    Plaintiff,

vs.                                     Civil Action No.:   05-1745

AMERICAN CITY DINER, INC.
d/b/a AMERICAN CITY DINER

    Defendant

_____/

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiffs, RUSSELL HOLT, by and through his undersigned attorneys hereby give notice of serving executed Answers to Defendant's Initial Interrogatories.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of June, 2006, a true and correct copy of the foregoing was served by first class mail to counsel for the Defendant: Jay S. Weiss, Esq., 1828 L Street, NW, Suite 902, Washington, D.C. 20036

                                      SCHWARTZ ZWEBEN & SLINGBAUM
                                      Attorneys for Plaintiff
                                      205 SW Winnachee Drive
                                      Stuart, Florida 34994
                                      Telephone:   772-223-5454
                                      Facsimile:    772-463-0778

                                      By:  /s/ Gene R. Zweben_____
                                          Gene Zweben, Esq.
                                          Florida Bar No. 0088919

**GENERAL OBJECTIONS**

1.    Discovery and trial preparations in this matter have not been completed. Therefore, all of PLAINTIFF'S responses hereto are given without prejudice to the right of

1

PLAINTIFF to introduce documents, information, or other evidence discovered or deemed responsive subsequent to the date of the Response.

2. PLAINTIFF generally object to Defendant's First Set of Interrogatories insofar as it seeks information subject to, or protected by, a claim of privilege, including and without limitation, the attorney-client privilege, the accountant-client privilege and the attorney work product doctrine and object to discovery on that basis.

PLAINTIFF objects to Defendant's First Set of Interrogatories on the ground that it is overbroad, oppressive and burdensome. In addition, PLAINTIFF objects to the Defendant's First Set of Interrogatories to the extent that it calls for information that is neither relevant to the subject matter of the pending litigation nor reasonably calculated to lead to the discovery of admissible evidence. Further, PLAINTIFF objects to Defendant's First Set of Interrogatories to the extent it is vague, ambiguous and unintelligible.

PLAINTIFF objects to Defendant's First Set of Interrogatories to the extent that it expands upon or deviates form the requirements of the Federal Rules of Civil Procedure or the local rules of the above-captioned Court.

PLAINTIFF sets forth the following answers without waiving the following:

a. The right to object on the grounds of competency, privilege, relevancy, materiality or any other ground, to the use of any material produced herein, for any purpose, in whole or in part, in any proceeding to this action or in any other action.

b. The right to object on any and all proper grounds at any time, to other requests or

    other discovery procedures involving or relating to the subject matter of the interrogatories herein responded to; and

  c. The right at any time to revise, correct, modify, supplement or clarify any of the answers provided herein.

All of PLAINTIFF'S responses are made subject to the above comments and qualifications.

Without waiving said objections, the Plaintiff responds as follows:

**PLAINTIFF'S RESPONSES TO DEFENDANT'S INITIAL INTERROGATORIES**

1. Russell Holt
  37 Years Old
  21618 Slidell Road
  Boyds, Maryland 20841
  Executive Director of Access Information, Inc.
  (see address above)

2. I suffered a spinal cord injury causing me to suffer from parapalegia. I am a full time wheelchair user.

3. Objection. Not reasonably calculated to lead to admissible evidence. Without waiving said objection, attached please find a PACER printout of all lawsuits filed by me. I have not recovered any damages in any of these lawsuits. In certain circumstances, legal fees and costs were recovered, however, Plaintiff objects to providing this information, as it is not relevant to the case at hand, and is not calculated to lead to admissible evidence. In addition, in some circumstances, this information is covered by confidentiality agreements.

4. I visited the American City Diner in August of 2004 at approximately 1:30pm. I do not remember the exact date, but do remember the time as I had some time prior to a meeting and was hungry and wanted to have lunch. I parked on the street in front of the restaurant to go inside and have some food and prepare for my meeting. I wheeled up toward the restaurant and saw how difficult and dangerous it was to access the main entrance due to my disability and use of a wheelchair. I looked to see if there was a way I could ask for help to gain access, but I couldn't even get close enough to the entrance to get anyone's attention from the restaurant for help so I left.

5. See 4 above.

6. See 4 above. I couldn't get into the restaurant at all. I was only able to observe the access to

the main entrance and the main entrance itself.

7. I was not able to get into the restaurant so I do not have any receipts.

8. The Defendant failed to remove barriers to access present at the restaurant in violation of the Americans with Disabilities Act and thus discriminated against me due to my disability.

9. See 8 above.

10 None known at this time, however, discovery is ongoing and Plaintiff reserves the right to supplement this response at a later date.

11. Objection, vague, overbroad. Without waiving said objection, to the extent Plaintiff understands this question, see number 4 above.

12. No.

13. N/A

14. I didn't go into the restaurant as it was too difficult and dangerous to do so and I likely would have been physically injured.

15. Yes, I have a driver's license. I did not go into the parking lot.

16. No. I was unable to even gain access into the restaurant.

17. See 16 above.

18. See number 16.

19. Objection. Calls for legal conclusion. Not reasonably calculated to lead to admissible evidence.

20. I have not incurred any expenses for hospitals, doctors, nursing, medicines or medical appliances as a result of the discrimination I encountered at the restaurant.

21. I frequently go to the area where this restaurant is located. I am in that area approximately three times per week.

22. I saw the front entrance and route leading to the front entrance and determined that it was too difficult and dangerous to attempt to enter the restaurant. It was very apparent that those items did not comply with the ADA. With regard to the other specific items listed in the complaint, prior to filing this lawsuit, my former attorney, Joel Zuckerman, in connection

with his confirmation of the ADA violations of which I advised him, visited the restaurant to confirm the barriers to access and he informed me of the other items listed in the complaint.

23. My injury was the discrimination I encountered and the inability to gain access into and enjoy the goods and services offered at the restaurant due to my disability. I did not report the injury to anyone at the restaurant prior to filing this lawsuit. I did not require any medical care for my injuries.

By: *Russ Holt*

STATE OF MD
COUNTY OF Montgomery ) ss.

_Russ Holt_ , being duly sworn, deposes and says that the attached Answers to Interrogatories are true and correct to the best of his/her knowledge, information and belief.

**SWORN TO AND SUBSCRIBED** before me on this 9th day of June, 2006.

_____
NOTARY PUBLIC

My Commission Expires:

WILLIAM T. NAPPER III
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires January 30, 200_

12

# Select A Case

**This person is a party in 7 cases.**

| Case | Title | Status |
|---|---|---|
| 1:04-cv-00529-JDB | EQUAL RIGHTS CENTER et al v. DISTRICT OF COLUMBIA et al | filed 03/3 |
| 1:05-cv-01744-JR | HOLT v. MANDARIN PALACE, INC. | filed 08/31/05 closed 02/27/06 |
| 1:05-cv-01745-CKK-AK | HOLT v. AMERICAN CITY DINER INC | filed 08/31/05 |
| 1:05-cv-01778-JGP | HOLT v. ROMAIN'S TABLE INC. | filed 09/06/05 |
| 1:05-cv-01794-PLF | HOLT v. BREAD & CHOCOLATE INC | filed 09/09/05 closed 03/09/06 |
| 1:06-cv-00357-JDB | HOLT v. GEORGETOWN PARK ASSOCIATES II LIMITED PARTNERSHIP | filed 02/27/06 |
| 1:06-cv-00645-GK | HOLT v. CENTRAL PARKING SYSTEM OF VIRGINIA, INC. | filed 04/07/06 |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/13/2006 16:24:23 | | | |
| PACER Login: | gz0019 | Client Code: | |
| Description: | Search | Search Criteria: | Last Name: holt First Name: russell |
| Billable Pages: | 1 | Cost: | 0.08 |

# Select A Case

**This person is a party in 8 cases.**

| | | | |
|---|---|---|---|
| 1:05-cv-00338-RWT | Holt v. Bull on the Beach, Inc. | filed 02/04/05 | closed 06/21/05 |
| 1:05-cv-00339-RWT | Holt v. Dough Roller, Inc. | filed 02/04/05 | closed 02/27/06 |
| 1:05-cv-01371-RDB | Holt v. Middlebrook Shopping Center, LLC | filed 05/18/05 | closed 09/08/05 |
| 1:05-cv-02604-CCB | Holt et al v. Moore et al | filed 09/19/05 | closed 05/17/06 |
| 1:05-cv-02837-RDB | Holt et al v. Purple Moose Saloon, Inc. | filed 10/17/05 | |
| 8:04-cv-02861-RWT | Holt v. Rio Complex Associates LP | filed 09/03/04 | closed 01/04/05 |
| 8:05-cv-00656-PJM | Holt v. Seven Dalamar Street, Inc. | filed 03/08/05 | closed 02/27/06 |
| 8:05-cv-01380-AW | Holt v. Realty Income Corporation, et al | filed 05/20/05 | |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/13/2006 16:28:24 | | | |
| PACER Login: | gz0019 | Client Code: | |
| Description: | Search | Search Criteria: | Last Name: holt |
| Billable Pages: | 1 | Cost: | 0.08 |