UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSSELL HOLT,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN CITY DINER, INC.,<br><br>    Defendant. | Civil No. 05–1745 (CKK) |

MEMORANDUM OPINION
(May 15, 2007)

Plaintiff Russell Holt filed a Complaint on August 31, 2005, against Defendant, American City Diner, Inc. (hereinafter, "American City Diner"), alleging that Defendant's restaurant (also named the American City Diner, hereinafter "the Restaurant") violated Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, by discriminating against Plaintiff by "denying access to, and safe, full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations" at the Restaurant. Pl.'s Compl. ¶¶ 1, 3, 7, 9. Presently pending before the Court is Defendant's [25] Motion for Summary Judgment, filed on October 25, 2006, arguing that Plaintiff lacks standing to bring the instant suit. On November 13, 2006, Plaintiff filed an Opposition. No Reply was filed. Also pending before the Court is Plaintiff's [24] Motion for Summary Judgment on the merits, to which no Opposition was filed. As the Court concludes that Plaintiff does not have standing to bring this suit based the filings and the relevant statutes and case law, the Court shall GRANT Defendant's [25] Motion for Summary Judgment and accordingly DENY AS MOOT Plaintiff's [24] Motion for Summary Judgment.

# I.  BACKGROUND

The Court notes as an initial matter that neither party, in filing its summary judgment motion, complied with Local Civil Rule 7(h).  According to Local Rule 7(h), the moving party to a summary judgment motion is required to separately provide "a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement."  LCvR 7(h).  Neither party explicitly complied with this mandate; both include such statements in their memoranda.

The Parties' deviation from the intent of this Local Civil Rule undermines the purpose of the Rule, which is to assist the Court in quickly determining if any facts are actually in dispute. *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 153 (D.C. Cir. 1996) ("[R]epeatedly blending factual assertions with legal argument, the 'relevant facts' section does not satisfy the purposes of a [Rule 7(h)] statement."); *Robertson v. Am. Airlines*, 239 F. Supp. 2d 5 (D.D.C. 2002) (striking defendant's motion for summary judgment for noncompliance with the Local Civil Rules because the "statement of material facts not in genuine dispute" included no citations to the record and improperly mixed factual allegations with argument).  While the purpose of Rule 7(h) is to "plac[e] the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystalize for the district court the material facts and relevant portions of the record," *Finnegan*, 101 F.3d at 151, the Court shall accept the additional burden placed on it in this instance by both Parties.  Since the Court shall first address Defendant's [25] Motion for Summary Judgment, as the sole issue raised therein is whether Plaintiff has standing to bring the instant case, the Court shall compare the facts as set forth in Defendant's [25] Memorandum with those proffered by Plaintiff in his

Opposition. In so doing, the Court concludes that no genuine issues of material fact exist, as both Parties rely on Plaintiff's affidavit and interrogatory answers in drawing their factual conclusions.

Plaintiff is a resident of Boyds, Maryland, who is diagnosed with paraplegia and uses a wheelchair full time. Def.'s Mot. for Summ. J. ¶ 1; Pl.'s Opp'n at 1; Compl. at 1. Plaintiff is the Executive Director of Access Information, Inc. and works from home.[1] Def.'s Mot. for Summ. J. ¶ 4(a); Pl.'s Opp'n, Ex. B at 3. Plaintiff has brought at least 17 other ADA actions, largely in the United States District Court for the District of Columbia and the United States District Court for the District of Maryland. Def.'s Mot. for Summ. J. ¶ 4(c) & (d); Pl.'s Opp'n, Ex. B (PACER Attachments to Interrog. Answers).

Some time in August of 2004, Plaintiff visited the Restaurant, located at 5532 Connecticut Ave., NW, Washington, DC, 20015, at approximately 1:30 p.m. Def.'s Mot. for Summ. J. ¶ 2; Pl.'s Opp'n at 2, Ex. B at 3 (Plaintiff's Answers to Interrogatories ("Interrog. Answers")). Plaintiff's residence is located approximately 26 miles away from the Restaurant. Def.'s Mot. for Summ. J. ¶ 4(a) & n.1, Ex. 1; Pl.'s Opp'n at 10. The Restaurant is not part of a larger chain of businesses. Def.'s Mot. for Summ. J. ¶ 4(c). On the unspecified date in question, Plaintiff:

> had time prior to a meeting and was hungry and wanted to have lunch. Plaintiff further stated that he parked on the street in front of the restaurant to go inside and have some food and prepare for his meeting. He wheeled up toward the restaurant and saw how

---

[1] While Plaintiff's Complaint states that "Mr. Holt works in Washington, DC," Compl. ¶ 3, Plaintiff's Interrogatory Answers clarify that his employment address is the same as his home address in Boyds, Maryland. Pl.'s Opp'n, Ex. B (Interrog. Answers) at 3.

> difficult and dangerous it was to access the main entrance due to his disability and use of a wheelchair. He looked to see if there was a way he could ask for help to gain access, but he couldn't even get close enough to the entrance to get anyone's attention from the restaurant for help so he left.

Pl.'s Opp'n at 2 (citing Ex. B (Interrog. Answers) ¶ 4).

On August 31, 2005, at least one year after Plaintiff visited the Restaurant, Plaintiff filed a Complaint alleging nine violations of the ADA and 28 C.F.R. § 36.302, *et. seq.* Compl. ¶ 12. Plaintiff's Complaint states that Defendant is discriminating against the Plaintiff via the following barriers to access:

> i. The threshold at the ramp outside the entrance to the restaurant is too high;
>
> ii. There is no level landing provided outside the entry door to the restaurant;
>
> iii. There is insufficient clear floor space provided outside the entry door to the restaurant;
>
> iv. There is insufficient knee clearance provided at the common use lavatory;
>
> v. The door to the toilet room contains hardware that requires tight grasping, pinching and twisting of the wrist;
>
> vi. The lavatory contains hardware that requires tight grasping, pinching and twisting of the wrist;
>
> vii. The "accessible" toilet stall is too narrow;
>
> viii. The "accessible" toilet stall lacks adequate and compliant grab bars;
>
> ix. There is an insufficient number of "accessible" seating positions provided in the RESTAURANT.

Compl. ¶ 12. While in Plaintiff's Affidavit, Plaintiff indicates that during his "visits" to the Restaurant, Plaintiff himself "encountered barriers to access associated with the accessible parking, accessible route to the accessible restaurant entrance, accessible entrance doors, the toilet room and accessible dining room seating," Pl.'s Opp'n, Ex. A (Holt Affidavit) ¶ 3, Plaintiff

admits in his Opposition that he did not actually enter the restaurant. Def.'s Mot. for Summ. J. ¶¶ 3, 6; Pl.'s Opp'n at 2 ("Plaintiff acknowledges not being served within the American City Diner. He further stated that he 'failed to enter the restaurant because it was too difficult and dangerous to do so and he believed that it was likely he would have been physically injured.'" (quoting Interrog. Answers 7, 14) (internal citations omitted)). Accordingly, a number of the "barriers to access" listed by Plaintiff were not observed by Plaintiff himself. Def.'s Mot. for Summ. J. ¶ 3; Pl.'s Opp'n at 2-3 (indicating that Plaintiff's prior counsel visited the restaurant prior to the filing of suit and informed Plaintiff of the other barriers to access). Plaintiff further admits that he did not return to the restaurant after this one "visit" prior to filing the Complaint. Def.'s Mot. for Summ. J. ¶ 4(b); Pl.'s Opp'n at 2, 10-11.

In Plaintiff's Complaint, Plaintiff states that he "continues to desire to and intends visit [sic] the Defendant's premises in the future, but continues to be denied full, safe and equal access due to the violations which continue to exist." Compl. ¶ 3. In his Opposition to Defendant's Motion for Summary Judgment, Plaintiff states that he "intends to go back to the restaurant once these barriers are removed." Pl.'s Opp'n at 8. Plaintiff states without further specification that "[h]e travels to this area approximately three times per week." Pl.'s Opp'n at 1. *See also id.*, Ex. B (Interrog. Answers) at 4 ("I frequently go to the area where this restaurant is located. I am in that area approximately three times per week."). Plaintiff requests injunctive and declaratory relief, in addition to reasonable attorney's fees. Compl. at 5-6. Defendant states and Plaintiff does not refute that "during that entire one year period [prior to Plaintiff filing suit], the Plaintiff never communicated personally or through counsel to the Defendant or anyone on behalf of the Defendant any concerns about accessibility to the restaurant for individuals with disabilities such

5

as that from which [Plaintiff] suffers." Def.'s Mot. for Summ. J. ¶ 4.

On October 25, 2006, Defendant filed Defendant's [25] Motion for Summary Judgment, arguing that Plaintiff lacks standing to bring the instant suit. On November 13, 2006, Plaintiff filed an Opposition. No Reply was filed.

## II.  LEGAL STANDARD

A party is entitled to summary judgment if the pleadings, depositions, and affidavits demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). Under the summary judgment standard, Defendant, as the moving party, "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Plaintiff, in response to Defendant's motion, must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548.

Although a court should draw all inferences from the supporting records submitted by the nonmoving party, the mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). To be material, the factual assertion must be capable of affecting

6

the substantive outcome of the litigation; to be genuine, the issue must be supported by sufficient admissible evidence that a reasonable trier-of-fact could find for the nonmoving party. *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987); *Liberty Lobby*, 477 U.S. at 251-52, 106 S. Ct. 2505 (the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). "If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50, 106 S. Ct. 2505 (internal citations omitted). "Mere allegations or denials of the adverse party's pleading are not enough to prevent the issuance of summary judgment." *Williams v. Callaghan*, 938 F. Supp. 46, 49 (D.D.C. 1996). The adverse party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Instead, while the movant bears the initial responsibility of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact, the burden shifts to the non-movant to "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587, 106 S. Ct. 1348 (citing Fed. R. Civ. P. 56(e)) (emphasis in original).

### III. DISCUSSION

Pursuant to 42 U.S.C. § 12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

Discrimination under Title III includes both "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable," and "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv) & (v). Pursuant to 28 C.F.R. § 36.104, "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 28 C.F.R. § 36.104. Plaintiff's Complaint alleges violations of the aforementioned statute and regulation.

However, as an Article III court, this Court's judicial power is limited to adjudicating actual "cases" and "controversies." *Allen v. Wright*, 468 U.S. 737, 750, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984). "In an attempt to give meaning to Article III's case-or-controversy requirement, the courts have developed a series of principles termed 'justiciability doctrines,' among which are standing[,] ripeness, mootness, and the political question doctrine." *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (citing *Allen*, 468 U.S. at 750, 104 S. Ct. 3315). These doctrines incorporate both the prudential elements, which "Congress is free to override," *id.* (quoting *Fair Employment Council of Greater Wash., Inc. v. BMC Mktg. Corp.*, 28 F.3d 1268, 1278 (D.C. Cir.1994)) (internal quotations omitted), and "core component[s]" which are "essential and unchanging part[s] of the case-or-controversy requirement of Article III," *id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (internal quotations omitted)). In order to satisfy the constitutional standing requirements, a plaintiff must establish (1) that he or she has suffered an

injury in fact, which is the invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there is a causal connection between the injury and the conduct at issue, such that the injury is fairly traceable to the challenged act; and (3) that it is likely as opposed to speculative that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61, 112 S. Ct. 2130.

Furthermore, in an action requesting injunctive or declaratory relief, a demonstration of imminent, future injury is required to demonstrate standing. "In actions for injunctive relief, harm in the past–as the district court correctly held–is not enough to establish a present controversy, or in terms of standing, an injury in fact." *Am. Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 317 F.3d 334, 336 (D.C. Cir. 2003). "Past exposure to illegal conduct does not in itself show a present case of controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495, 94 S. Ct. 669, 676, 38 L. Ed. 2d 674 (1974). In a claim for injunctive relief, a plaintiff "must allege a likelihood of future *violations* of [his] rights . . . , not simply future *effects* from past violations." *Fair Employment Council of Greater Wash., Inc. v. BMC Marketing Corp.*, 28 F.3d 1268, 1273 (D.C. Cir. 1994). "'Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate–as opposed to merely conjectural or hypothetical–threat of future injury.'" *Natural Resources Defense Counsel v. Pena*, 147 F.3d 1012, 1022 (D.C. Cir. 1998) (quoting *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994)). *See also City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 103 S. Ct. 1660, 1667, 75 L. Ed. 2d 675 (1983) ("Lyons' standing to seek the injunction requested depended on whether he was likely to suffer

future injury . . . .").

Plaintiff in the instant case bears the burden of demonstrating that he has standing to bring suit. *See Lujan*, 504 U.S. at 561, 112 S. Ct. 2130 ("The party invoking federal jurisdiction bears the burden of establishing [the] elements [of standing]."). The Court further notes that in the context of a motion for summary judgment on the issue of standing, Plaintiff faces a higher burden in meeting the elements of standing than when faced with a motion to dismiss:

> Since [the elements of standing] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation. At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim. In response to a summary judgment motion, however, the plaintiff can no longer rest on such "mere allegations," but must "set forth" by affidavit or other evidence "specific facts," Fed. Rule Civ. Proc. 56(e), which for purposes of the summary judgment motion will be taken to be true.

*Id.* at 561 (internal citations and quotations omitted).

In the instant case, Plaintiff simply has not met his burden of demonstrating any intent to return to the Restaurant beyond his abstract statement that he desires to do so at some unspecified point in the future. Under existing Supreme Court and D.C. Circuit precedent, albeit in a slightly different context, an abstract statement of intent to return to a site where an alleged future injury will occur is not enough to demonstrate "imminent" future injury required for a plaintiff to have standing to seek injunctive relief:

> The [affidavits allegedly demonstrating standing] plainly contain no facts, however, showing how damage to the species will produce "imminent" injury to [the affiants]. That the women "had visited" the areas of the projects before the projects commenced proves nothing. As we have said in a related context, "'Past exposure to illegal conduct

> does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *Lyons,* 461 U.S. at 102, 103 S. Ct. at 1665 (quoting *O'Shea v. Littleton,* 414 U.S. 488, 495-496, 94 S. Ct. 669, 676, 38 L. Ed. 2d 674 (1974)). And the affiants' profession of an "inten[t]" to return to the places they had visited before–where they will presumably, this time, be deprived of the opportunity to observe animals of the endangered species–is simply not enough. Such "some day" intentions–without any description of concrete plans, or indeed even any specification of *when* the some day will be–do not support a finding of the "actual or imminent" injury that our cases require.

*Lujan*, 504 U.S. at 564, 112 S. Ct. 2130. In *Fair Employment Council*, the instant circuit concluded that tester plaintiffs bringing suit against an employment agency for violations of Title VII and § 1981 lacked standing to seek injunctive or declaratory relief, "for they have not made sufficient allegations that they are threatened with any future illegality." *Fair Employment Council*, 28 F.3d at 1272. Because said tester plaintiffs used fake credentials, they could not reasonably hope to be considered for employment referrals on the basis of said credentials; nor did they allege that they would return to that employment agency to seek referrals in the reasonably near future. *Id.* at 1273. Indeed, while the D.C. Circuit noted in *Animal Legal Defense Fund v. Epsy* that an individual formerly working as a psychobiologist who alleged that a regulation's failure to define mice and rats as animals affected her ability to conduct research made "a marginally more impressive [claim] than that advanced by the affiants in *Lujan* . . . because *Lujan* contrasts vague intentions with 'a description of concrete plans,'"

> the central question is the immediacy rather than the specificity of the plan, for the underlying purpose of the imminence requirement is to ensure that the court in which suit is brought does not render an advisory opinion in a case in which no injury would have occurred at all.

*Animal Legal Defense Fund., Inc. v. Epsy*, 23 F.3d 496, 500 (D.C. Cir. 1994) (internal quotations and citations omitted).

Plaintiff in this case has neither a concrete nor specific nor imminent plan to return to the Restaurant based on the statements set forth in Plaintiff's Opposition and the documents attached thereto. In Plaintiff's Complaint, Plaintiff states that he "continues to desire to and intends visit [sic] the Defendant's premises in the future, but continues to be denied full, safe and equal access due to the violations which continue to exist." Compl. ¶ 3. In his Opposition, Plaintiff states that he "intends to go back to the restaurant once these barriers are removed." Pl.'s Opp'n at 8. Plaintiff states without further specification that "[h]e travels to this area approximately three times per week." Pl.'s Opp'n at 1. *See also id.*, Ex. B (Interrog. Answers) at 4 ("I frequently go to the area where this restaurant is located. I am in that area approximately three times per week."). These statements comprise the entirety of Plaintiff's "intention" to return to the Restaurant, and as such, do not meet Plaintiff's burden of setting forth specific facts to refute Defendant's Motion for Summary Judgment on standing grounds. In a case where the D.C. Circuit found that a plaintiff had standing to pursue injunctive relief, the plaintiff had demonstrated a factual predicate supporting his intent to return. On a motion to dismiss rather than a motion for summary judgment, the D.C. Circuit concluded that a former elephant handler for a particular circus, "[b]ased upon his desire to visit the elephants (which we must assume might include attending a performance of the circus), his experience with the elephants, his alleged ability to recognize the effects of mistreatment, and what an injunction would accomplish," had proffered allegations "sufficient to withstand a motion to dismiss for lack of standing." *Ringling Bros.*, 317 F.3d at 338. In contrast, Plaintiff in this action does not give the Court any reason why he desires to return to the Restaurant. For example, Plaintiff does not claim to enjoy diner food. Nor does Plaintiff substantiate his statement that he is in the "area"

12

three times per week with any definition of what comprises the "area" he invokes, be it Washington, D.C. in general, Northwest Washington, D.C., Upper Northwest Washington, D.C., or Connecticut Avenue in particular. In Plaintiff's Exhibit C (Affidavit of Steven Mason, Tcherneshoff Consulting (specialist in barrier removal under the ADA)), the restaurant "Arucola" is listed as located "adjacent" to the American City Diner Restaurant. Pl.'s Opp'n, Ex. C at 22. In fact, a number of restaurants are located on Connecticut Avenue within a few blocks of the American City Diner, including Mandarin Palace, sued by Plaintiff in this court in Civil Action No. 05–1744, located across the street from the American City Diner Restaurant at 5540 Connecticut Avenue, NW. Plaintiff does not distinguish the American City Diner Restaurant or explain in any way why he wishes to return to that Restaurant in particular as opposed to the numerous other restaurants within a few-block vicinity or the multiplicity of restaurants in a larger area or in Washington, D.C. in its entirety. Finally, Plaintiff effectively admits that "during that entire one year period [prior to Plaintiff filing suit], [he] never communicated personally or through counsel to the Defendant or anyone on behalf of the Defendant any concerns about accessibility to the restaurant for individuals with disabilities such as that from which [Plaintiff] suffers," Def.'s Mot. for Summ. J. ¶ 4, which further undercuts any genuine desire to visit the Restaurant with any immediacy.

The Court notes that while the instant circuit has not considered standing in a manner directly applicable to the Title III ADA claim at issue in this case, a number of district court cases from the Ninth and Eleventh Circuits, invoking *Lujan*, apply a four-factor test in determining whether or not a Title III ADA plaintiff has sufficiently shown future injury warranting the injunctive relief requested. While this Court does not rely on such cases nor on this four-factor

analysis in drawing its conclusion that Plaintiff does not have standing to pursue the instant case (instead relying on the standing requirements for injunctive relief set forth in Supreme Court and D.C. Circuit precedent) and acknowledges that the holdings of these district court cases do not reflect a uniform application of the tenets of this four-factor standard, the Court will briefly address this analysis herein.

As set forth by a court in the United States District Court for the Central District of California,

> In evaluating whether an ADA plaintiff has established a likelihood of future injury, courts have looked to such factors as: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant.

*Molski v. Mandarin Touch Restaurant*, 385 F. Supp. 2d 1042 (C.D. Cal. 2005) (granting defendant's motion for summary judgment for lack of standing). *See also Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005) (same). Factor three, "the definitiveness of plaintiff's plans to return," is clearly undercut by Plaintiff's vague statement that he would like to return to the Restaurant absent any reason why (given that Plaintiff has never eaten at the Restaurant, and that the Restaurant is not part of a larger chain,[2] both of which are considered under Factor two) or when Plaintiff would like to do so.[3]

---

[2] *See Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) ("[Plaintiff] has visited Holiday's Paradise store in the past and states that he has actual knowledge of the barriers to access at that store. [Plaintiff] also states that he prefers to shop at Holiday markets and that he would shop at the Paradise market if it were accessible. This is sufficient to establish actual or imminent injury for purposes of standing.").

[3] While Plaintiff cites to *Organization for the Advancement of Minorities with Disabilities Suing on Behalf of Its Members v. Brick Oven Restaurant*, 406 F. Supp. 2d 1120,

Relying on one of the cases employing this standard, Plaintiff implies that definite plans to return are not necessary, arguing that "where a plaintiff lacks 'concrete plans to return,' the Court must satisfy itself that the plaintiff's professed intent to return is sincere and supported by the factual circumstances of the case." Pl.'s Opp'n at 11 (quoting *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1079-80 (D. Haw. 2000)).[4] However, even taking Plaintiff's argument at face value, Plaintiff has not demonstrated an intent to return that is sincere and supported by the factual circumstances of the case, nor does *Parr* provide support for Plaintiff's argument in this case.

> Standing to bring claims for injunctive relief for an ADA claim is established if a plaintiff can show a plausible intention or desire to return to the place of the injury but for the barriers to access. In contrast, the failure to allege an intention or desire to return to the place where a plaintiff encountered an ADA violation or merely alleging an intention to return "some day" merits dismissal.

*Access 4 All, Inc. v. Trump Intern. Hotel and Tower Condominium*, 458 F. Supp. 2d 160, 168 (S.D. N.Y. 2006) (internal quotations and citations omitted) (holding that Plaintiff demonstrated an intent to return to a hotel by indicating that he conducts business in New York City, had

---

1126 (S.D. Cal. 2005), wherein the court found that plaintiff's declaration of an intent to return to the restaurant in the immediate future as he frequently visited the area was sufficient in demonstrating actual or imminent injury, the court's ruling was in the context of a pending motion to dismiss rather than a motion for summary judgment.

[4] Plaintiff, in the same paragraph, also argues that "Defendant's statements regarding other lawsuits are unprofessional, irrelevant, scandalous, and should be stricken as immaterial pursuant to Fed. R. Civ. P. 12(f)." Pl.'s Opp'n at 11. The Court rejects Plaintiff's request to strike Defendant's statements, which note that Plaintiff "has been involved in no less than 17 lawsuits filed in the Washington metropolitan area from 2001 through 2006," Def.'s Mot. for Summ. J. ¶ 8, and which do not state that Plaintiff is engaging in abusive litigation. Rather, while the Court shall not do so in the present case, numerous courts have considered a plaintiff's litigation history in other Title III suits in assessing standing. *See, e.g., Mandarin* Touch, 385 F. Supp. 2d at 1046; *Brother v. Tiger Partner, LLC,* 331 F. Supp. 2d 1368, 1373 (M.D. Fla. 2004).

visited the building in which the hotel was located prior to his stay at the hotel, and would specifically like to dine at a world-famous restaurant (Jean Georges) in the same building). As stated above, Plaintiff in this case does not indicate why he would like to return to the American City Diner Restaurant, what distinguishes the Restaurant from other nearby restaurants, or what constitutes the "area" that Plaintiff alleges to frequent three times a week. Furthermore, in *Parr*, a court in the United States District Court for the District of Hawaii, noting that "[r]easonable courts could reach different results," held that a plaintiff who had visited a particular restaurant once but had visited other restaurants in the same chain and professed a distinct taste for that chain's food demonstrated a future injury sufficient to support standing. *Parr*, 96 F. Supp. 2d at 1079. While the instant Court does not base its decision on Plaintiff's not having "visited" the Restaurant more than once or ever having been inside the Restaurant, Plaintiff must at very least profess some specific interest in the American City Diner Restaurant in order to support his claim that he desires to patronize it in the imminent future.

## IV. CONCLUSION

If the Court were to conclude that Plaintiff in the instant case had met his burden of demonstrating standing in his Opposition to Defendant's Motion for Summary Judgment based on Plaintiff's statements that he intends to return to the Restaurant and frequents the "area" of the Restaurant approximately three times a week, with nothing further, the Court would in essence have to conclude that any disabled individual who had visited a restaurant one time and passed through the area with some regularity could properly bring suit against that public accommodation on the basis of such general declarations. The Court finds that such a conclusion

would stretch the definition of Article III standing beyond its limits and turn *Lujan* on its face. Accordingly, based on the reasoning set forth in this Opinion, the Court shall GRANT Defendant's [25] Motion for Summary Judgment and DENY AS MOOT Plaintiff's [24] Motion for Summary Judgment. An Order accompanies this Memorandum Opinion.

Date:   May 15, 2007

                                                             /s/
                                    COLLEEN KOLLAR-KOTELLY
                                    United States District Judge